## THOMAS v. DALLAS COUNTY LEVEE IM-
## PROVEMENT DIST. NO. 6.
### Motion No. 8961; No. 1058-5269.

Commission of Appeals of Texas, Section B.
June 4, 1930.

For former opinion, see 23 S.W.(2d) 325.

H. Bascom Thomas, Jr., of Dallas, for plaintiff in error.

George Titterington, John Craig, and Harold Sanders, all of Dallas, for defendant in error.

### LEDDY, J.

In our original opinion the judgment recovered by defendant in error for taxes due by plaintiff in error for the years 1921 and 1922 was reversed and rendered in favor of plaintiff in error on the ground that a recovery therefor was barred under the two-year statute of limitation (Rev. St. 1925, art. 5526).

The judgment in favor of defendant in error for taxes for the years 1924 and 1925 was reversed and remanded for another trial for the reasons given in our opinion.

In its motion for rehearing defendant in error complains that we were in error in rendering judgment in favor of plaintiff in error on the recovery of taxes for the years 1921 and 1922, because it appears from the record that sufficient time had not elapsed before the bringing of the suit to bar a recovery of taxes for these years.

We stated in our original opinion it was conceded by the parties that the taxes due by plaintiff in error for the years 1921 and 1922 were barred under the two-year statute of limitation if the plea of limitation was available against a recovery of taxes due a levee district. It now appears we were in error in making this assumption. We were led to do so by the way in which this question was treated by defendant in error in its brief and also in the oral argument made before us.

Plaintiff in error both in brief and oral argument asserted that a recovery of the taxes for the years 1921 and 1922 was barred under the two-year statute of limitation. Defendant in error did not meet this proposition in its brief and in oral argument by asserting that sufficient time had not elapsed to bar the taxes for these years under the two-year statute of limitations, but answered plaintiff in error's contention with the proposition that the statute of limitation was not available against the collection of taxes by a levee district and supported the same by an elaborate argument. We naturally assumed that, if sufficient time had not elapsed before the bringing of the suit to bar a recovery under the two-year statute of limitation, plaintiff in error's contention that a recovery of taxes for said years was barred would have been disposed of by defendant in error by the simple statement that two years had not expired from the time the taxes became delinquent before suit was brought.

An examination of the record discloses that the taxes for the year 1921 became delinquent on the 1st day of February, 1922, and would have been barred on the 1st day of February, 1924, and the taxes for 1922 became delinquent on the 1st day of February, 1923, and would have become barred on the 1st day of February, 1925. The suit to recover taxes for these years was filed on the 31st day of January, 1924, 1 day before the taxes for 1921 became barred.

It is therefore manifest we were in error in reversing and rendering judgment in favor of plaintiff in error for the taxes due for the years indicated, but that we should have reversed and remanded the entire cause for another trial in accordance with the views expressed in our opinion.

We have given careful consideration to the remaining objections urged to our opinion, but have not been convinced that the principal question discussed was not correctly decided.

Accordingly we recommend that defendant in error's motion for rehearing be granted, our former judgment set aside, and the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial.

### CURETON, C. J.

On Rehearing. Judgment heretofore entered set aside, and judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals. We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.