[Civil No. 4554. Filed October 2, 1944.]

[152 Pac. (2d) 131.]

STATE OF ARIZONA, Appellant and Cross-Appellee, v. MIAMI TRUST COMPANY, a Corporation, Appellee and Cross-Appellant.

Mr. Frank E. Tippett, County Attorney, Mr. D. E. Reinhardt, Deputy County Attorney; Mr. Charles L. Strouss, of Counsel, for Appellant and Cross-Appellee.

Mr. Welborn Mayock, for Appellee and Cross-Appellant.

ROSS, J.—This is a proceeding to foreclose the property taxpayer's right to redeem its property from a tax sale to the state. It was commenced in May, 1941, by the county attorney of Gila county against the Miami Trust Company, owner of the property. The record shows the taxes delinquent for

the years 1929 to and including 1936, and the action is to foreclose the state's tax lien for the taxes during that period. The taxpayer makes no claim of paying any taxes for such years.

The land was sold by the county treasurer of said county on February 5, 1938, and certificates of purchase issued therefor numbered 2748 to and including 2844.

The property represented by certificates 2759, 2762, 2765, 2766, 2770, 2771, 2773, 2778, 2780, 2781, 2782, 2783, 2789, 2790, 2792, 2793, 2794, 2795, 2796, 2797, 2798, 2799, 2803, 2804, 2819, 2822, 2805, 2806, 2807, 2808, 2809 and 2831 was redeemed by defendant befor judgment herein, pursuant to Section 73–834, Arizona Code Annotated 1939.

Whether the foreclosure of the state's tax lien on the rest of the property as represented by certificates of purchase by the state was in accordance with the law is the question we have to decide.

The land involved is occupied by the town of Miami, an incorporated municipality of the state, and the Miami Trust Company is the owner of all such land not heretofore disposed of to third parties. The taxpayer's land is cut up into some 780 lots, and there are five separate fractions of mining claims included. Four detached parcels of uncultivated acreage are also included.

According to the assessment roll the value placed on the property by the assessor was a lump sum, so that the taxpayer to redeem would have to redeem the whole acreage. It could not pay on a lot or block and relieve it from the tax lien, but if it wanted to save a part of its property it could not do so without paying all the taxes against it. This applies more particularly to the assessment for the years 1929, 1930 and 1931. The subsequent years of 1932, 1933, 1934, 1935 and 1936 the property on the assessment

roll is divided into units and separate values given to the units, but in a consideration of the questions involved, we do not think this affects or gives the assessments a different status from those in the earlier years.

Aside from this very questionable method of assessing the property, the defendant taxpayer insists that the property was not struck off to the state at the time and in the manner provided by law. Section 73-806, Arizona Code Annotated 1939, reads as follows:

"*Date of sale—Striking off property to state—Sale as one parcel.*—The day designated in said list and notice shall not be earlier than the first day of October, nor later than the first day of November, and on said day the county treasurer shall commence the sale of all real property described in such list and notice on which the taxes and charges have not been paid, and shall continue the sale from day to day, Sundays and holidays excluded, until each parcel, or so much thereof as is necessary to pay the taxes and charges thereon, has been sold. If there be no bid for any tract offered, the county treasurer shall pass it over for the time, and shall re-offer it at the beginning of the sale on the next day, until all the tracts are sold, or until the county treasurer becomes satisfied that no more sales can be effected, when it shall be his duty to strike off to the state of Arizona the property remaining unsold for the amount of such taxes, interest, penalties, and charges, and shall issue to the state of Arizona a certificate of purchase as provided in other cases. . . . "

■■ It is undisputed the sale of the delinquent property by the county treasurer was made on February 5, 1938, the first day of the advertised sale. The evidence is that on that day the property was struck off by such officer to the state, in the absence of any bidders. This was a plain violation of the terms of the statute quoted above. The language of

the statute is to the effect that if no buyer for property appears on the first day the offer shall be renewed on the next day and subsequent days until sold or until the treasurer becomes satisfied that no more sales can be effected. A sale made in violation of this requirement of the law, or before the time stated in the law, is without validity for lack of power or jurisdiction in the officer making the sale.

Under a statute which is practically the same as ours, and from which ours doubtless was taken, in *Emerson* v. *Valdez,* 24 Colo. App. 458, 135 Pac. 137, it was held that property sold for taxes on the day it is first offered was sold contrary to law, and a deed given in pursuance thereof was void. See also *Vandermeulen* v. *Burwell,* 22 Colo. App. 486, 125 Pac. 131; *Lambert* v. *Murray,* 52 Colo. 156, 120 Pac. 415; *Vanderpan* v. *Pelton,* 22 Colo. App. 357, 123 Pac. 960; *Bryant* v. *Miller,* 48 Colo. 192, 109 Pac. 959; *Newcomb* v. *Henderson,* 22 Colo. App. 167, 122 Pac. 1125.

We have carefully examined and studied the briefs herein, and have come to the conclusion that the law limiting the right to bring an action for taxes to five years is valid. It does not operate to remit, release nor extinguish the obligation, but it does deprive the state of the remedy for their collection.

Cases holding that the taking from the state and its political subdivisions the remedy to collect taxes after a prescribed period from delinquency are quite common. We cite some of them. *Maricopa County* v. *Bloomer,* 52 Ariz. 28, 78 Pac. (2d) 993; *Bristol* v. *Washington County,* 177 U. S. 133, 20 Sup. Ct. 585, 44 L. Ed. 701; *State of Nevada* v. *Yellow Jacket, etc.,* 14 Nev. 220; *City and County of San Francisco* v. *Jones,* C. C., 20 Fed. 188; *San Francisco* v. *Luning,* 73 Cal. 610, 15 Pac. 311; *City of Louisville* v. *Commonwealth* (Ky.), 63 S. W. 580; *Western Clay Dr. Dist.*

v. *Wynn,* 179 Ark. 988, 18 S. W. (2d) 1035; *Barber* v. *State,* (Tex. Civ. App.), 212 S. W. 292; *Thomas* v. *Dallas County Levee Imp. Dist.* (Tex. Civ. App.), 7 S. W.(2d) 639; Id. (Tex. Com. App.), 23 S. W. (2d) 325, 28 S. W. (2d) 1083; *Board of Custer County Commissioners* v. *Story,* 26 Mont. 517, 69 Pac. 56.

The case of *Linville* v. *Cheney,* 60 Ariz. 325, 137 Pac. (2d) 395, is overruled in those respects wherein it is in conflict with this opinion.

The case is reversed and the cause remanded for further procedure not in conflict with this opinion.

McALISTER, C. J., and STANFORD, J., concur.