169 P.2d 861

**KINCANNON v. IRWIN, County Treasurer, etc.**

No. 4807.

Supreme Court of Arizona.

June 10, 1946.

308

Wilson, Compton & Wilson, of Flagstaff, for appellant.

McQuatters & Stevenson and F. M. Gold, all of Flagstaff, for appellees.

LA PRADE, Judge.

The appellant, plaintiff below, brought action to set aside a Treasurer's Deed executed and delivered to the appellee, K. M. Quinn, which had its origin in a tax sale conducted by the County Treasurer for the non-payment of taxes. Article 8 of Chapter 73, A.C.A.1939, sets forth the procedure to be followed for the collection of delinquent taxes. Section 73-804, A.C.A.1939 of said Article 8, relates to the form of the notice of sale to be published by the County Treasurer. Among other things, it is provided that the County Treasurer shall publish a list of the properties on which there are delinquent taxes * * * to be published in two consecutive weekly issues of the official paper, the first of which publications shall not be less than two weeks nor more than three weeks prior to the date designated upon which the sale shall commence.

Section 73-806, Id., fixes the date on which any tax sale shall commence, and specifically relates to the date that shall be contained in the tax notice required to be published by Section 73-804, supra. The applicable portion of Sec. 73-806 reads as follows:

"The day designated in said list and notice shall not be earlier than the first day of October, nor later than the first day of November, and on said day the county treasurer shall commence the sale of all real property described in such list and notice on which the taxes and charges have not been paid, and shall continue the sale from day to day, Sundays and holidays excluded, until each parcel, or so much thereof as is necessary to pay the taxes and charges thereon, has been sold. * * *"

The County Treasurer, defendant Irwin's predecessor in office, caused his notice of tax sale to state that the sale would commence on the 30th day of September, 1938, contrary to the specific provision of Sec. 73-806, supra, which states that "the day designated in said list and notice shall not be earlier than the first day of October."

The tax notice was published twice, on September 9th and 16th, 1938. The sale was commenced on the 30th day of September and continued from day to day. On the 11th day of October, plaintiff's property was struck off to the state. Thereafter the certificate of purchase was assigned to the appellee, Quinn. After the expiration of five years from the sale, the

assignee made application for a treasurer's deed and received the same. See Sec. 73-835, Id. Belatedly, the appellee made attempt to redeem. His tender of taxes due was refused. He then brought this suit. There were several irregularities other than the one referred to, and upon which have been predicated assignments of error. Of these additional assignments of error, we will not take any cognizance, for the reason that our disposition of appellant's first assignment is conclusive of the vital issue in this case. This assignment is to the effect that the court erred in entering judgment declining to vacate the Treasurer's sale and permit plaintiff to redeem, for the reason that the sale was absolutely void in that the published list and notice of sale designated a day of sale not provided by law, and in contravention of Sec. 73-806, supra.

We are of the opinion that the original sale is void because the published notice of sale specified a day for the commencement of sale not provided by law. The day specified in the notice was September 30th, one day earlier than that authorized by law. It is the contention of the appellant that giving and publishing the notice required by law is jurisdictional and that the statute is mandatory.

This contention finds support in the decision of this court in Consolidated Motors Inc., v. Skousen, 56 Ariz. 481, 109 P.2d 41, 44, 132 A.L.R. 1040. In this case the court had before it an interpretation of Sec. 18 of Chapter 103, Laws of 1931, which section is now practically identical with our Sec. 73-804. In the Skousen case we said:

"It is apparent, upon an examination of chapter 103, supra, that the notice contemplated by the legislature as giving jurisdiction to proceed with the tax sale, is the published notice provided for by section 18, supra, * * *."

Appellees counter by suggesting that the tax statutes relating to sales of real estate for delinquent taxes are governed and should be governed by the principles of liberal statutory construction in order:

"(a) To preserve the sanctity of tax titles by elimination of uncertainty of ownership of property caused by technical defects;

"(b) To promote the collection of revenue through sale of property on which taxes are delinquent; and

"(c) To protect the rights of a purchaser who, in acquiring property at tax sale, must rely and is entitled to rely on the official proceedings of the duly authorized agents of government in conducting the sale."

The trial court found that the irregularities complained of were ministerial, not serious, and that the plaintiff property owner was not misled to his prejudice or injury. It is said that the law contemplates that the sale should take place in October, and that since the sale of plaintiff's property was had on the 11th of October, that he was not prejudiced thereby and that all real property taxpayers are presumed to

310

know that taxes levied must be paid and that sales occur in the month of October each year to effect the collection of unpaid delinquent taxes.

The real question to be determined is whether or not the statute relating to notice is mandatory, rather than whether it should be liberally or strictly construed. There is no opportunity to liberally construe jurisdictional mandates. Taxing officials derive their authority to assess, levy, collect tax monies, and in the event of non-payment of taxes, deprive the owner of his property by tax sales, from the laws enacted for the orderly conduct of the state's fiscal affairs and the laws enacted for the protection of the state's property owners. The approach to these statutes is lucidly and forcibly set forth in 51 Am.Jur., Taxation, Sec. 305, which in part reads as follows:

"One of the commonest problems in connection with the construction of tax statutes is whether or not the provisions thereof are mandatory, defining that term to mean one the omission to follow which renders invalid the act or proceeding to which it relates, or directory, meaning one the omission to follow which does not involve such consequences. Speaking broadly, it may be said that provisions in tax laws intended to promote dispatch, method, system and uniformity in modes of proceeding, or designed merely for the information of administrative officers, are usually deemed to be directory; but those intended for the protection of the taxpayer and to prevent a sacrifice of his property are mandatory, and they must be followed, or the acts done under them will be invalid. * * *"

In applying the above rule, this court has held that the statute requiring notice by publication is regarded as mandatory (Conway v. Mosher, 55 Ariz. 307, 101 P.2d 209); that the provision of Sec. 73-806, supra, prohibiting the striking off of property to the state on the first day of the sale, is mandatory. State v. Miami Trust Co., 61 Ariz. 499, 152 P.2d 131, 132. The holding in this last named case is contrary to the contention of appellee, in that it refutes the contention of appellee and the trial court that actual prejudice must result to the taxpayer from the omission, otherwise the sale will be upheld. This court in that case did not consider whether the Miami Trust Company was actually prejudiced but held the sale void because the act of the treasurer in striking off the property to the State on the first day of sale rather than at a subsequent time "was a plain violation of the terms of the statute." Certainly the act of the treasurer in fixing the day of sale as September 30, rather than a date in the month of October as required by statute, is a "plain violation of the terms of the statute."

The giving of notice of a tax sale is jurisdictional. Consolidated Motors, Inc., v. Skousen, supra. Sec. 73-804, Id., relates to the form of notice to be published and what shall be contained therein. A portion of this section provides:

"The county treasurer shall cause said list and notice to be published in two (2) consecutive weekly issues of a newspaper which has been designated by the board of supervisors as the official paper of the county, the first of which publications shall not be less than two (2) weeks nor more than three (3) weeks prior to the day of sale prescribed therein. * * *"

By Sec. 73-806, Id., the prescribed date of sale shall not be earlier than the 1st day of October. Even if we were to conclude that though the day designated for the beginning of the sale was one day early, that this could be excused in view of the fact that the sale did not take place until the 11th day of October, we would also then be compelled to overlook the provisions of Sec. 73-804, supra, which provides that the first publication of the list and notice of the sale "shall not be less than two (2) weeks nor more than three (3) weeks prior to the day of sale prescribed therein. * * *" The first publication having been made on the 9th day of September was more than three weeks prior to the day on which any sale could legally have been made. It is true the first publication was not more than three weeks before the date of sale prescribed therein, but the treasurer arbitrarily prescribed a day not authorized.

In reference to the necessity for a notice for sale, we find this expression in Cordano v. Kelsey, 28 Cal.App. 9, 151 P. 391, 396, 398, "Not only is the giving of notice of sale essential, but it must be such notice as the statute prescribes." In Black on Tax Titles, Secs. 205-207, it is said:

"It is held in all of the statutes that the giving of notice in the manner and form prescribed by the statute is an essential jurisdictional fact."

These statements were later approved by the Supreme Court of California in the case of Gottstein v. Kelly, 206 Cal. 742, 276 P. 347, 349. In support of the general rule that a tax sale is invalid unless held at the time required by statute, our research discloses some of the following fact situations and holdings thereon. In the case of Hamer v. Glenn Investment Co., 75 Colo. 423, 226 P. 299, it appeared that the defendants relied on a tax deed dated November 29, 1919, which recited that the tax sale upon which it depended was "begun and publicly held on the 20th day of November, A.D. 1916" and plaintiff in error claimed it was void on its face because the statute required the sale to be begun on or before the second Monday in November, which was the 13th. The contention of the plaintiff was upheld. In the Oklahoma cases of Holt v. Spicer, 65 Okl. 17, 162 P. 686; Blaine County Bank et al. v. Noble et al., 55 Okl. 361, 155 P. 532; and Perry v. Snyder, 75 Okl. 24, 181 P. 147, sales made by the county treasurer for the nonpayment of delinquent taxes were declared invalid where the sales were made on a day prior to the date on which sales were authorized to commence. In Blackwell v. First Nat. Bank of Albuquerque et al., 10 N.M. 555, 63 P. 43, 45, it is said:

"The publishing and posting of the notice of sale is such an important step in tax proceedings, and is so vital to the validity of the further acts of the officer making the sale, that it must closely follow all the statutory directions and requirements. All of the provisions of law in this regard must be strictly complied with. The time prescribed by statute for the publishing and posting of the notice is essential to the validity of any sale made under it, and the notice, if given for less than the statutory time, makes void all subsequent proceedings, no matter how regular they may themselves be. There was no legal notice of the sale of this property. * * *"

It is conclusive that if any sales were made by the Coconino County treasurer on the 30th day of September, such sales under all the authorities would be invalid. Appellees suggest here that this sale does not fall within this rule for the reason that the sale here under consideration was made on October 11th at a time when sales might rightfully be made. Nevertheless, we conclude that the same rule should be applied to this sale for the reason that the jurisdictional predicate of the authority to make the sale was the notice of sale. This notice fixed a time not authorized by the law and contrary to the statute designating the time when sales might be had. It would be strange justice indeed to hold that purchasers on September 30th acquired no title and that those who purchased on October 1st or thereafter acquired good title, where both sales were based on the same notice.

We are thoroughly cognizant of the purpose of our laws relating to the collection of delinquent taxes and the conduct of tax sales. Many of the provisions are directory and merely afford counsel and advice to the officers entrusted with their enforcement, for the purpose of establishing uniformity and effectiveness of collections. The directory features need not be meticulously adhered to. We took cognizance of this situation in Consolidated Motors, Inc., v. Skousen, supra, where the following language was used:

"The attitude of the courts and legislatures towards tax sales has changed considerably of recent years. Under the early common law every presumption was against the validity of a tax sale, and it was necessary for one claiming under such a sale to prove to the uttermost detail a compliance with the provisions of the statute. The effect of this was to make tax titles almost impossible to establish, and as a result, the state was seriously hampered in the collection of the taxes due it. Many legislatures, therefore, including that of Arizona, have passed statutes relaxing the strict requirements of the common law in regard to proof of the validity of tax sales, and the modern tendency of the courts is to regard many provisions heretofore considered to be jurisdictional as merely directory. We are of the opinion that this tendency is a salutary one. * * *"

We have particularly examined the cases ·of Consolidated Motors, Inc., v. Skousen, supra, Conway v. Mosher, supra, State v. Miami Trust Co., supra, and Sanguinetti v. Quon, 59 Ariz. 298, 126 P.2d 804, and find ·nothing in them to indicate that this statute, Sec. 73-806, should be construed to permit ·the County Treasurer to publish the juris-·dictional notice of sale and designate there-·in a date for the commencement of sales ·not authorized and contrary to the positive ·mandate of the statute. The statute is not ·complex or complicated. No difficulty should be entailed in following the simple ·directions therein contained.

For the foregoing reasons the judgment ·of the lower court is reversed with direc-·tions to enter judgment for plaintiff, vacat-·ing and setting aside the Treasurer's Deed.

STANFORD, C. J., and MORGAN, J., ·concur.