192 P.2d 720

**BATES et al. v. MITCHELL.**

No. 4983.

Supreme Court of Arizona.

April 12, 1948.

Theodore G. McKesson, Thomas P. Riordan and Carl W. Divelbiss, all of Phoenix, for appellants.

Tom Fulbright, of Florence, and Kramer, Morrison, Roche & Perry, of Phoenix, for appellee.

FARLEY, Superior Judge.

This is an appeal from an order sustaining defendant's motion to dismiss the second amended complaint and from the judgment entered thereon after plaintiffs elected to stand on the second amended complaint. The action was instituted on September 2, 1944, by the plaintiff, Frank A. Bates, as a stockholder in his own behalf and for other stockholders, and by Victor J. Hermel, as the Minnesota Receiver of the American Ore Corporation. The prayer of the com-

plaint asked for the appointment of a receiver in Arizona to take possession of the mining property herein involved; to set aside the tax sale and deed to said property; to declare the judgment a nullity in Cause No. 6738 wherein title to said property was quieted in defendant; and to quiet title in plaintiffs to said premises.

. The defendant acquired possession of the property by virtue of a tax deed issued to the State of Arizona and by a subsequent conveyance by the State to defendant. On September 2, 1941, defendant Mitchell filed Cause No. 6738 to quiet the title to the property, based upon his tax title. The defendants in that action were the American Ore Corporation; the State of Arizona; the County of Pinal; and Ethel Griffin, County Treasurer. Service of summons was had upon Wayne Hubbs as statutory agent of the American Ore Corporation, although the corporation had had no legal existence since January 10, 1935, when its charter was revoked by order of the Arizona Corporation Commission for failure to pay the annual registration fees and file its annual report. Judgment was entered in favor of the defendant (plaintiff in that action) on September 29, 1941, quieting his title to the property.

. Plaintiffs contend that the judgment in Cause No. 6738 is null and void for want of jurisdiction because (1) the tax sale was void, and (2) service upon the American Ore Corporation was inadequate to afford the court jurisdiction.

Attention has been called to irregularities in the tax sale which plaintiffs urged affected the court's jurisdiction. In support of that position the cases of State v. Miami Trust, 61 Ariz. 499, 152 P.2d 131, and Kincannon v. Irwin, 64 Ariz. 307, 169 P.2d 861, are cited. Those cases hold in substance that the notice of sale and the date of sale must conform to the statute and a sale not made in compliance with the statute is void because of lack of jurisdiction of the officer making the sale.

A distinction must be noted, however, in the use of the term "jurisdiction" as applied to the acts of administrative officials and as applied to the authority of courts to hear and determine actions. In no sense is the application of the term "Jurisdiction" in each case synonymous. Courts may and occasionally do determine cases based upon the erroneous exercise of "jurisdiction" or authority by administrative officials, and such determinations become res judicata. As was said in the case of Varnes v. White, 40 Ariz. 427, 12 P.2d 870, 872, "A judgment cannot be collaterally impeached because it was based on a mistake of law, any more than if based on a state of facts." In other words, the jurisdiction of a trial court is not ordinarily derived from the authority or absence thereof of an administrative official whose acts are the basis for the litigation.

"The test of jurisdiction is whether or not the tribunal has power to enter upon the inquiry; not whether its conclusion in

154

the course of it is right or wrong. Foltz v. Railway Co., 60 F. 316, 8 C.C.A. 635; Board of Commissioners v. Platt, 79 F. 567, 25 C.C.A. 87.

"In the Foltz Case the conclusion of the court was expressed in these words:

" 'Jurisdiction of the subject-matter' is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud. (Citing cases.)" Tube City Min. Etc. Co. v. Otterson, 16 Ariz. 305, 311, 146 P. 203, 206, L.R.A.1916E, 303.

Therefore, it will be seen that only in a direct proceeding may inquiry be made as to the power of the tax officials to make the sale.

■ The question then arises: Is this a direct or collateral attack on the judgment in Cause No. 6738?

The answer to that query in judicial pronouncements in other jurisdictions has led through a maze of verbiage and resulted in no little confusion. This court has, however, sought to lay down a simple method to distinguish between a direct and a collateral attack on a judgment. The case of Dockery v. Central Arizona L. & P. Co., 45 Ariz. 434, 45 P.2d 656, 660, held that " * * * We have thus in the past definitely laid down the rule in Arizona that, where an action has for its primary purpose the obtaining of independent relief, and the vacating or setting aside of a judgment is merely incidental thereto, such action is not a direct, but a collateral, attack upon the judgment. * * *"

■ From that statement and plaintiffs' admission throughout their brief, although in their supplemental brief they use the term "direct", it seems clear that this is a collateral attack on the judgment in Cause No. 6738. Consequently, the irregularities in the tax sale could not be raised and the assignments of error based thereon must be denied. Our inquiry, then, is limited to the court's jurisdiction, or lack thereof, as a result of service of process upon the American Ore Corporation after its dissolution by serving the statutory agent of the corporation, and by such other considerations as we will hereinafter develop.

■ The general rule is that when a corporation has been dissolved no suit can be filed against it and no personal judgment can be obtained against it in the absence of a statute or of a public policy to the contrary. See Note in 97 A.L.R. 483.

■ The precise point has not heretofore been raised in this court, and it therefore becomes a matter of first impression. Under the circumstances we are bound to adhere to the rule as determined in other states unless it appears that it is based upon specious reasoning or is contra to the statutes of Arizona or the public policy of this state.

■ The basis for the general rule is that corporations are the creatures of the statutes of the various states and upon their dissolution they cease to exist for all purposes, and, like a human being, all actions in which they are concerned thereupon abate. The effect of such a rule has been to deprive creditors of their right to obtain a judgment against the corporation per se (even though suit was begun before dissolution), and to require the appointment of a receiver and the instituting of an action against him in order to obtain any redress. The Supreme Court of Michigan held that a dissolved corporation may maintain an action to recover property lost ex delicto. The court held that the dissolution affected only its contractual right and not its right to retain title to its property until distributed among its creditors and stock-

holders. Gamalski v. Baird, 298 Mich. 662, 299 N.W. 757, 136 A.L.R. 1155.

This court held in the case of Norton v. Steinfeld, 36 Ariz. 536, 288 P. 3, that in an action brought by a corporation whose license had been suspended by order of the Corporation Commission and had no legal existence, such action was not void in the sense that the complaint could not be amended so as to allow the proper parties to be substituted as plaintiffs.

The inconsistency of the general rule and the rules announced in the Michigan case and the Norton case is apparent, and the inquiry naturally arises that, "If a dissolved corporation may sue to retain its title to property, why may it not likewise be sued to determine what if any title it has to property after its dissolution?"

However, conceding that the lower court committed technical error in sustaining the motion to dismiss, although the general rule has now been definitely abrogated by the addition of Section 53-309, Chapter 109, Session Laws 1947, Regular Session, permitting suits by and against dissolved corporations, it appears that the issues raised by the pleading not only concerned the points we have heretofore discussed but also the doctrine of laches. The record discloses that the court denied defendant's motion to dismiss and thereafter the case was tried on the merits. Following a trial on the merits the trial judge concluded that he had been in error in denying the

**156**

motion to dismiss, vacated his order denying such motion and then granted the motion.

It also appears from the record that the plaintiffs in this action, who are the principal stockholders of the defunct corporation, have idly sat by while the charter of the corporation was revoked in 1935, of which plaintiff Hermel was informed on June 22, 1938; its property was sold for nonpayment of taxes for the years from 1931 to 1935, inclusive; redemption of the property was never attempted and a deed issued to the State of Arizona in 1941; and not until September of 1944, or almost ten years after the charter had been revoked and the property sold for taxes, was any attempt made to protect their interest in the corporation or its property. In the meantime appellee has expended large sums to develop the property and has made it productive after years of idleness.

Were we to remand the case because of the error in rendering judgment upon the motion to dismiss it would be a vain act as the defense of laches on the face of the record alone would be insurmountable. We think the record before us clearly shows that plaintiffs were grossly negligent in protecting their rights and consequently guilty of laches.

■ Since this is an equitable proceedings and upon the whole it appears that substantial justice was done, we decline to reverse it because of the technical error of the court in granting the motion to dismiss

after having heard and considered all the evidence instead of rendering judgment on the merits. Corral v. Ocean Acc. & Guar. Corp., Ltd., 42 Ariz. 213, 23 P.2d 934; Walker v. Wright, 28 Ariz. 235, 236 P. 710; Floyd v. Hornbeck, 39 Ariz. 178, 4 P.2d 908; 21-1503, A.C.A.1939; Art. 6, Sec. 22, Arizona Constitution.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.

Justice Levi S. UDALL having disqualified himself as he was trial judge, the Honorable Gordon FARLEY, Judge of Superior Court Santa Cruz County, was called to sit in his stead.