IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

————————————————

MAJID NAYERI, et al., *Plaintiffs/Appellants*,

*v.*

MOHAVE COUNTY, et al., *Defendants/Appellees.*

No. 1 CA-TX 18-0009
FILED 11-14-2019

————————————————

Appeal from the Arizona Tax Court
No. TX2016-000893
The Honorable Christopher T. Whitten, Judge

**VACATED AND REMANDED**

————————————————

COUNSEL

Brentwood Law Group PLLC, Tempe
By Stephen Brower
*Co-Counsel for Plaintiffs/Appellants*

Al Arpad Esq., Phoenix
By Alexander R. Arpad
*Co-Counsel for Plaintiffs/Appellants*

Mohave County Attorney's Office, Kingman
By Lenore Knudtson
*Counsel for Defendants/Appellees*

------------

**OPINION**

Judge James B. Morse Jr. delivered the opinion of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

------------

**M O R S E**, Judge:

¶1        In this opinion, we hold that A.R.S. § 42-11004 does not require a property owner to pay delinquent taxes before suing in tax court to challenge the sale of a property tax lien under A.R.S. § 42-18105. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2010, Majid Nayeri and Bita Abidian ("Taxpayers") purchased real property in Mohave County (the "County") identified by parcel number 216-06-155 (the "Property"). Since that time, they have paid the property taxes as they have come due.

¶3        The Property is located in an area known as the "Disputed Triangle," a triangular-shaped piece of land east of the Colorado River near the Fort Mojave Indian Reservation. *See United States v. Aria*, CV 9401624-PCT-PGR, 2009 WL 331356, at *1 (D. Ariz. Feb. 11, 2009), *appeal dismissed*, No. 09-15714 (9th Cir. March 3, 2010) (hereinafter, "*Aria*"). In 1994, long before Taxpayers purchased the Property, the federal government filed the *Aria* lawsuit to determine whether the Disputed Triangle should be held in trust for the Fort Mojave Indian Tribe (the "Tribe"). *See id.* In 2009, the District Court ruled in *Aria* that the federal government, on behalf of the Tribe, had no claim to the Disputed Triangle. *See id.* at *10.

¶4        During the 15 years the *Aria* case was pending, the County did not collect property taxes on the affected parcels and made no demand for payment. In 2010, after the *Aria* case ended, the County demanded payment of all past due taxes and told property owners that "delinquent taxes due on the parcels involved will be sold at future tax lien sales unless payment arrangements are made with the Treasurer." Taxpayers admit that some taxes accrued on the Property before 2010 and have not been paid. In 2016, the County offered to waive the interest and fees accrued through June 2010 if Taxpayers would pay the base property tax, plus

interest accrued after July 2010, totaling $37,486.40. Taxpayers refused the County's offer.

¶5 The County Treasurer sent Taxpayers a Delinquent Tax Notice in January 2017 threatening to sell the tax liens on the Property if payment was not made. Taxpayers did not pay, and the County offered the tax liens for years 2003-2009 on the Property at its February 2017 tax lien sale. After the liens went unsold, they were assigned to the state.[1]

¶6 Meanwhile, Taxpayers joined a lawsuit filed by other Disputed Triangle property owners seeking a declaratory judgment that the County's sales of tax liens on their properties were time-barred.[2] The parties filed cross-motions for summary judgment. After oral argument, the tax court granted summary judgment in favor of the County, concluding that A.R.S. § 42-11004 prohibited Taxpayers from challenging the sale of the liens unless and until they paid the delinquent taxes.

¶7 After an unsuccessful motion for new trial, Taxpayers appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and (A)(5).

---

[1] "[A] tax that is levied on real or personal property is a lien on the assessed property." A.R.S. § 42-17153(A). To secure payment of unpaid taxes, county treasurers are authorized to sell tax liens; third parties who purchase the liens receive certificates of purchase. A.R.S. §§ 42-18101(A), -18118(A). The counties may sell liens encompassing all the delinquent taxes owed on a property, or a lien for only one tax year. *See Bauza Holdings, LLC v. Primeco, Inc.*, 199 Ariz. 338, 339, 342, ¶¶ 3, 17 (App. 2001) (citing A.R.S. § 42-18104(C)). Tax liens that go unsold at auction are assigned to the state and may be subsequently purchased "over-the-counter." *See* A.R.S. §§ 42-18113, -18122. If a lien assigned to the state is not redeemed after five years, "the county board of supervisors, acting on behalf of this state, may apply for and receive a treasurer's deed to the property." A.R.S. § 42-18261. A lien may not be assigned to the state unless the county first offered it for sale in compliance with the statutes. *See State v. Miami Trust Co.*, 61 Ariz. 499, 501–02 (1944) (noting that a sale made in violation of statutory requirements "is without validity for lack of power or jurisdiction in the officer making the sale").

[2] The lawsuit was filed by Mohave Valley River Enterprises, Inc., which settled with the County after the notice of appeal was filed and is not a party to this appeal.

## DISCUSSION

**¶8** We review *de novo* the tax court's ruling on the parties' cross-motions for summary judgment and the court's interpretation of the relevant tax statutes. *SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, 480, ¶ 8 (2018). We are obligated to interpret tax statutes "strictly against the state" and resolve ambiguities "in favor of the taxpayer." *Wilderness World, Inc. v. Ariz. Dep't of Revenue*, 182 Ariz. 196, 199 (1995).

### I. Taxpayers Were Not Required to Pay the Delinquent Taxes.

**¶9** Taxpayers first argue that § 42-11004, which requires a property owner to pay a tax before filing a lawsuit to challenge the amount or validity of the tax, does not apply to their claim. Specifically, they assert that their lawsuit invokes the protection of a "statutory time limitation" applying to the sale of tax liens and does not constitute "a challenge to the validity or amount of the tax" underlying the liens. We agree.

**¶10** Section 42-11004 provides, in relevant part:

> A person on whom a tax has been imposed or levied under any law relating to taxation **may not test the validity or amount of tax** . . . if any of the taxes:
>
> 1. Levied and assessed in previous years against the person's property have not been paid.
>
> 2. That are the subject of the action are not paid before becoming delinquent.

A.R.S. § 42-11004 (emphasis added).

**¶11** Here, Taxpayers sought a declaratory judgment that the County could not sell the tax liens on the Property because the County did not advertise the sale within five years of the delinquency as required by A.R.S. § 42-18105.

**¶12** As our supreme court has explained in a related context, "the law limiting the right to bring an action for taxes to five years . . . does not operate to remit, release nor extinguish the obligation," but simply deprives the taxing authority "of the remedy for their collection." *State v. Miami Trust Co.*, 61 Ariz. 499, 502 (1944). As discussed in greater detail below, A.R.S. § 42-18105 deprives the County of the right to sell a tax lien if it does not advertise the sale within five years of the delinquency that created the lien.

By invoking § 42-18105, Taxpayers are not challenging the validity or amount of the taxes due on the Property; rather, they are seeking a declaration that the County is time-barred from selling tax liens on the Property for the unpaid years.

**¶13**        The County relies on this court's decision in *Strawberry Ridge Estates, LLC v. Gila Cty.*, 237 Ariz. 329, 331, ¶ 8 (App. 2015), to support its position that § 42-11004 required Taxpayers to pay the delinquent taxes before filing suit.  The facts of *Strawberry Ridge*, however, are very different.  In that case, the taxpayers applied for removal of the tax liens and abatement of the tax, alleging that "the County had committed an error resulting in improper imposition of a property tax" by basing the assessment on an "incorrect premise." *Id.* at 330, ¶ 3.  Unlike the taxpayers here, the *Strawberry Ridge* taxpayers specifically challenged the validity and amount of the tax.

**¶14**        Because Taxpayers' claim does not challenge the validity or amount of the taxes imposed on the Property, § 42-11004 does not apply.  Accordingly, we vacate the tax court's entry of summary judgment in favor of the County.

## II.     Timeliness of the Tax Lien Sale.

**¶15**        Taxpayers next argue that § 42-18105, which requires the County to advertise a tax-lien sale within five years of the delinquency that created the lien, prohibited the County from selling tax liens on the Property in February 2017.  Specifically, they argue that "the advertisement for the *actual* sale must occur within five years."  Because this is an issue of law likely to arise on remand, we address it to provide guidance to the tax court.  *See State v. Vincent*, 159 Ariz. 418, 429 (1989) (addressing an issue likely to arise on remand); *Buckholtz v. Buckholtz*, 246 Ariz. 126, 131, ¶ 17 (App. 2019) (same).

**¶16**        Section 42-18105 provides that "[n]o sale for an unpaid tax may be commenced at a date later than five years after delinquency unless . . . **[t]he sale** is advertised within the five year period."  A.R.S. § 42-18105 (emphasis added).  Section 42-18109(B) requires the County to advertise the sale no more than three weeks and no less than two weeks before the sale date noticed.  After advertising the sale, the County Treasurer must begin the sale on the day designated in the notice. *See* A.R.S. § 42-18112(B).  When interpreting statutes, we presume that the legislature "did not intend an absurd result," and avoid any construction that produces such a result. *State v. Medrano-Barraza*, 190 Ariz. 472, 474 (App. 1997).

¶17         Publication of the notice of a tax lien sale is "vital to the validity of the further acts of the officer making the sale." *Kincannon v. Irwin*, 64 Ariz. 307, 312 (1946). The tax officer must "closely follow all the statutory directions and requirements." *Id.* Although a tax lien sale does not need to strictly comply with the statutory notice requirements, A.R.S. § 42-18101(B)(2); *Lavidas v. Smith*, 195 Ariz. 250, 255, ¶ 21 (App. 1999), a substantial failure to comply with the statutes "is a defect which invalidates all subsequent proceedings," *Stoltz v. Maloney*, 129 Ariz. 264, 268 (App. 1981).

¶18         The County argues that although it did not actually offer the tax liens for sale during the *Aria* litigation, it advertised sales of the liens at various points dating back to 1995. On that basis, it avowed that it thereby "has advertised the sale of tax liens regarding the subject property within five years of delinquency." But as a matter of law, tax liens created before 2010 could not be offered for sale for the first time in February 2017. Section 42-18105 requires the County to advertise "the sale" within five years of delinquency. In addition, the County must advertise the sale no more than three weeks before actually holding the sale. *See* A.R.S. § 42-18109(B). We decline to interpret § 42-18105 in a way that would permit a taxing officer to avoid the five-year time limitation by "timely" advertising a sale that never takes place. Instead, once a delinquency occurs, the statutes create a five-year-and-three-weeks limitations period, after which the tax lien remains valid but cannot be sold by the County.

¶19         The County argues it presented evidence to show that it offered some liens for sale after the conclusion of the *Aria* litigation but within five years of delinquency, and Taxpayers concede the record is not clear as to whether liens on the Property were offered for sale before February 2017. On remand, the tax court must reconsider Taxpayers' motion for summary judgment and determine whether the County complied with the requirements of § 42-18105 for any of the tax liens at issue.

## III.    Attorney's Fees and Costs on Appeal.

¶20         Taxpayers request fees on appeal pursuant to A.R.S. § 12-348(B)(3), which authorizes an award of fees to a party that "prevails by an adjudication on the merits" in regard to the "regularity of sales of property for delinquent taxes." A.R.S. § 12-348(B)(3). Given the issues remaining for the tax court to decide, we deny Taxpayers' request without prejudice. On remand, the tax court may rule on the request after determining whether

Taxpayers are the prevailing party.  However, as Taxpayers prevailed on appeal, we award them costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶21**       For the foregoing reasons, we vacate the summary judgment entered in favor of the County and remand for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:  AA