460 P.2d 45

Francis ARNOLD and Thelma Arnold, husband and wife, Appellants,

v.

James KNETTLE and Geraldine Knettle, Appellees.

No. 1 CA–CIV 768.

Court of Appeals of Arizona.

Division 1.

Oct. 28, 1969.

Alan Philip Bayham and Henry L. Zalut, by Henry L. Zalut, Phoenix, for appellants.

Carmichael, Johnson & Stephens, by N. Pike Johnson, Jr., Phoenix, for appellees.

HOWARD, Judge.

This is an appeal from the court order granting appellees' motion to quash two writs of garnishment.

On February 24, 1967, James Knettle and Geraldine Knettle, husband and wife, executed a promissory note in the amount of $1,700.00 payable to Francis Arnold and Thelma Arnold.

On the reverse side of the note is written the following:

"TO BE PAID IN RETURN FOR BANK NOTE (a) SECURITY BANK MESA IN THE AMOUNT OF 1500+ interest AS PART OF PARTNERSHIP AGREEMENT. THIS NOTE SHALL PAY IN FULL ALL PARTNERSHIP AND OTHER ARRANGEMENTS AS OF FEB. 24, 1967."

The date of the note arrived and passed without payment by the appellees. Demand for payment was made but no payment was forthcoming. Appellants then sued the

appellees in the Superior Court on the promissory note and in conjunction therewith had the Clerk of the Court issue to them, after their having posted the bond required by statute, writs of garnishment. The writs were served on the employer of the defendant, James Knettle, Allis-Chalmers Tractor Sales & Service, and upon O. S. Stapley Company, which owed James Knettle money on accounts receivable. After service of the writs of garnishment upon Allis-Chalmers, defendants filed a motion to quash the writ of garnishment. Defendants also moved the court to quash the writ of garnishment on O. S. Stapley. The motion to quash the writ of garnishment on Allis-Chalmers was accompanied by an affidavit of the defendant, James Knettle to the effect that the note sued upon was given in contemplation of the purchase of a business; that the purchase had not taken place; that if there was a purchase, it was voidable due to the misrepresentations of the plaintiffs that the health license issued with respect to the business was in good order; and that the note was given only as security for the payment of the obligation due to First Security Bank of Mesa as shown by the reverse side of the instrument. The motion to quash the writ of garnishment on O. S. Stapley was not accompanied by an affidavit. Plaintiffs' response to the motion to quash the writ of garnishment served on Allis-Chalmers was accompanied by an affidavit by the plaintiffs to the effect that defendants executed and delivered to the plaintiffs a promissory note; that the note was due on March 21, 1967; that no payment had been received; and that the obligation due the First Security Bank of Mesa was in no way to be paid as a condition precedent to the paying of the note sued upon. Plaintiffs' response to the motion to quash the writ of garnishment on O. S. Stapley was not accompanied by any affidavit, but was resisted on the grounds that the note was due and payable.

The trial court granted defendants' motion to quash the writs of garnishment and entered judgment in favor of the garnishee,

O. S. Stapley Company, which had filed an answer, and against the plaintiffs in the sum of $10.00 for attorneys fees in answering the writ of garnishment.

■ The gist of the defendant's argument in the trial court in support of his motion to quash the writ of garnishment was that the note sued upon was not an unconditional promise to pay but was in reality security for the payment of another note. The defendant claims this is clearly shown by the writing on the reverse side of the note. The plaintiffs contended that the statements on the reverse side of the note only referred to the consideration for which the promise to pay arose. The affidavits of plaintiffs and James Knettle were, to say the least, conflicting and the meaning of the reverse side of the note is to this court not as crystal clear as the defendants seem to contend. In any event, the defendants' attack on the writ of garnishment was based upon the lack of merit of the plaintiffs' claim against the defendants in the main action. This is not a basis for quashing a writ of garnishment. Recor v. Commercial & Sav. Bank, 142 Mich. 479, 106 N.W. 82, 5 L.R.A.,N.S., 472 (1905); 6 Am. Jur.2d, Attachment and Garnishment, § 431, at 864. To hold otherwise would force a trial of the merits of the action on the motion, and not only on the motion, but on affidavits. A.R.S. § 12–1571 requires the clerk of the court to issue a writ of garnishment when the plaintiff sues for debt and makes an affidavit that the debt is just, due and unpaid. It does not require that there be a prior judicial determination that the debt is in fact due. If it turns out that there has been a wrongful garnishment then the defendant is protected by the bond that is required by A.R.S. § 12–1572.

■■ We would, therefore, be obliged to reverse, if it were not for the fact that since the filing of the briefs in this case the Supreme Court of the United States, in the case of Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), has held unconstitutional a garnishment statute from the State of Wisconsin which is similar to

A.R.S. § 12–1571. The question of the constitutionality of this statute was not brought up in the trial court and the general rule is that a constitutional question must first be presented to the trial court for determination before the appellate court will consider the question. However, one of the exceptions for the general rule is that where the matter is one of public policy or broad, general statewide concern the appellate court will consider the question for the first time on appeal. See the discussion and authorities in Porter v. Eyer, 80 Ariz. 169, 173, 294 P.2d 661, 663 (1956). We consider the question of the constitutionality of the garnishment statutes in the State of Arizona a matter which is one of broad general statewide concern and further note that if the Supreme Court of the United States thought the question important enough to review then this court also should consider the question one of such importance that it should be reviewed.

Turning our attention to the Sniadach case in the State of Wisconsin, the clerk of the court issued the summons at the request of the creditor's lawyer and it is the latter who by having the garnishment served sets in motion the machinery whereby the wages are frozen. This is the same procedure used in Arizona under A.R.S. § 12–1571. In the State of Wisconsin as in the State of Arizona there is an exemption from garnishment of 50% of earnings for personal services rendered by the debtor. A.R.S. § 12–1594. In holding that the procedure violates the due process clause of the 14th Amendment the United States Supreme Court stated at 89 S.Ct. 1822–1823:

> "The result is that a prejudgment garnishment of the Wisconsin type may as a practical matter drive a wage-earning family to the wall. Where the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and a prior hearing * * * this prejudgment garnishment procedure violates the fundamental principles of due process."

Mr. Justice Harlan in his concurring opinion notes at 89 S.Ct. 1823:

> "From my standpoint, I do not consider that the requirements of 'notice' and 'hearing' are satisfied by the fact that the petitioner was advised of the garnishment simultaneously with the garnishee, or by the fact that she will not permanently lose the garnished property until after a plenary adverse adjudication of the underlying claim against her, or by the fact that relief from the garnishment may have been available in the interim under less than clear circumstances. * * * I thing that due process is afforded only by the kinds of 'notice' and 'hearing' which are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor *before* he can be deprived of his property or its unrestricted use. * * *"

It is, therefore, clear that the procedures set forth in A.R.S. § 12–1571 and the procedure employed in the lower court in this case are unconstitutional and that it violates the 14th Amendment of the United States Constitution.

The question then arises as to whether or not this court should base its decision on the law as it existed when the trial court rendered its judgment or as it exists as of this date. It is the general rule that when there is a change of law by judicial decision between the time of trial and the time of appeal the appellate court will dispose of the case according to the law prevailing at the time of the appellate disposition and not according to the law prevailing at the time of rendition of the judgment appealed. Florida East Coast R. Co. v. Rouse, 194 So.2d 260 (Fla.1967) ; Annot., Annot., 111 A.L.R. p. 1342 et seq.

Although the trial court based its ruling upon the wrong reasons, if the trial court was correct in its ruling for any reason, the reviewing court is bound to affirm. Magma Flood Control District v. Palmer, 4 Ariz.App. 137, 418 P.2d 157 (1966); Rau

v. Rau, 6 Ariz.App. 362, 432 P.2d 910 (1967).

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.