510 P.2d 735

**John B. BURKHARDT, Appellant,**

v.

**Mildred N. BURKHARDT, Appellee.**

No. 10746.

Supreme Court of Arizona,
In Division.

June 6, 1973.

Rehearing Denied July 3, 1973.

Hash, Cantor & Tomanek by Alena Cantor and Virginia Hash, Phoenix, for appellant.

Flynn, Kimerer, Thinnes & Galbraith by John J. Flynn and Michael D. Kimerer, Phoenix, for appellee.

HOLOHAN, Justice.

The Superior Court of Maricopa County granted a decree of divorce to the plaintiff wife and the defendant husband appealed.

While the appeal was pending the husband sought to have the judgment and decree set aside under the provisions of Rule 60(c), Rules of Civil Procedure, 16 A.R.S., alleging that fraud had been perpetrated upon the court. The trial court denied the motion to set aside the decree, but he ordered that the amount of alimony payable to the wife be reduced. The husband appealed the denial of his motion, and the wife filed an appeal from the order reducing the amount of alimony payments.

The three appeals were consolidated, and the consolidated cause was ordered transferred to this Court pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17 A.R.S.

Four questions are presented for our decision:

1. Did the trial court abuse its discretion in the amount of alimony awarded the wife?

2. Did the trial court err in ordering the husband to pay $2,500 for attorney's fees for the wife?

3. Did the trial court have jurisdiction to vacate a judgment under Rule 60(c) after a notice of appeal had been filed?

4. Did the trial court abuse its discretion in reducing the alimony payments to the wife?

The trial court awarded the wife $400 a month as alimony. The appellant husband challenges this amount as excessive.

The evidence at trial showed that the husband earned approximately $900 a month. It was also shown that the wife had only worked for about two months during the marriage of some 30 years, and she was not employed at the time of trial. There was also evidence of the living standard of the parties during the marriage and their needs after the separation.

The trial court has broad discretion to determine what is a reasonable award of alimony. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963). Where there is a conflict in the evidence and there is reasonable evidence to support the judgment of the trial court we will not disturb the judgment of the trial court. Smith v. Smith, 89 Ariz. 84, 358 P.2d 183 (1960). There is substantial evidence to support the award of the trial court; therefore we find no abuse of discretion.

The next issue concerns the allowance of attorney's fees to the attorney for the wife.

The primary thrust of the argument on the attorney's fees concerns the alleged excessiveness of the total fees in the amount of $7,576.75 as found by the trial court. Counsel for the husband urges that the total amount was unreasonable for the type of case at issue, and it was an abuse of discretion to require the husband to pay $2,500 of that fee.

The parties were not involved in a simple divorce. The trial lasted three days, and the parties fought over many minor pieces of community property. The decree of divorce reflects that the trial court was required to settle and divide such items as camping equipment, garden tools, fishing tackle, guns, photo slides, storage shelves, and numerous other objects. The attorney for the wife testified that he had spent nearly 200 hours in handling the case. Much of this time he attributed to the contested nature of the case and the seeming inability of the parties to agree on anything.

The matter of allowance of attorney's fees, and the amount, in a divorce action is a matter left to the sound discretion of the trial court. Kennedy v. Kennedy, supra; DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966). In this case the burden of the major portion of the attorney's fees was left for the wife to bear, and approximately one-third of the amount was assessed against the husband. In view of the nature of the case and the evidence presented there was no abuse of discretion in the award.

The remaining two issues which we are asked to consider deal with actions taken by the trial court after the main cause had been appealed.

It is the general rule that the trial court loses jurisdiction while an appeal is pending except in regard to matters which will be in furtherance of the appeal. Whitfield Transportation, Inc. v. Brooks, 81 Ariz. 136, 302 P.2d 526 (1956); Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238 (1941). In O'Hair v. O'Hair, 109 Ariz. 236, 508 P.2d 66 (1973), this Court held that a trial court retains jurisdiction in divorce actions on the issue of child care under A.R.S. § 25–321 "at least where the provisions for the care, custody and maintenance of the children are not the subject matter of the appeal." 109 Ariz. at 241, 242, 508 P.2d at 71–72. While A.R.S. § 25–321 also deals with alimony, here the issue of alimony was a matter being appealed. We hold that in this case the trial court did not have jurisdiction to consider a modification in alimony without an order from this Court returning the cause to the trial court for hearing.

For the same reasons the trial court did not have jurisdiction to consider a 60(c) motion to set aside the judgment. While the trial court is given the power under the rule to vacate, modify, or set aside its judgments, and the rule is applicable to both civil and criminal cases, State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964), this power is subject to the exception that upon perfecting of an appeal the trial court loses jurisdiction of the case. State v. Lopez, supra; State v. Dixon, 6 Ariz.App. 210, 431 P.2d 105 (1967).

The judgment and decree of divorce and the denial of the motion to set aside the decree are affirmed. The order modifying the amount of alimony payments is reversed.

Affirmed in part and reversed in part.[1]

HAYS, C. J., and STRUCKMEYER, J., concur.