574 P.2d 54

**In the Matter of the ESTATE of Marjorie M. CONDRY, Deceased.**

**Stephen HOBBS, Appellant,**

**v.**

**Billy Lee CONDRY, Appellee.**

**No. 1 CA–CIV 3415.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 6, 1977.

Rehearing Denied Jan. 18, 1978.

Review Denied Jan. 31, 1978.

Paul Hunter, Yuma, for appellant.

Brandt & Engler by Donald B. Engler, Yuma, for appellee.

OPINION

HAIRE, Judge.

Although the appellant's brief raises several questions relating to the merits of a prior order entered by the trial court denying appellant relief in a will contest proceeding, the central issue on appeal is

whether the trial court correctly held that it lacked jurisdiction to consider and rule upon appellant's Rule 60(c)[1] motion for relief from that prior order. We hold that the trial court correctly ruled that it lacked jurisdiction.

This appeal resulted from probate proceedings in the Yuma County Superior Court involving the estate of Marjorie M. Condry, the mother of appellant. A document purporting to be the decedent's will which nominated appellee Billy Lee Condry[2] as executor had been filed for probate, and appellant had filed a petition contesting the probate of that will, contending that his mother's signature on the will was a forgery. However, before any hearing was held on the merits of the will contest, appellant entered into a settlement agreement with the appellee which resulted in dismissal of the will contest proceedings. At that time, appellant's counsel had advised him against entering into the settlement agreement and withdrew as his counsel. However, there is no indication in the record that any misrepresentations or otherwise culpable conduct occurred in connection with the agreement, and it was, at that time, presented to the court, which then allowed the withdrawal of the will contest petition and ordered that the will be admitted to probate.

Several months thereafter the appellant, notwithstanding the above-mentioned settlement agreement, filed a second petition contesting the probate proceedings, alleging newly discovered evidence relating to the alleged forgery of his mother's signature. After considering this second petition, the trial court held that the previous agreement between the parties had settled all of appellant's rights to the estate, and therefore denied the second petition. The order denying relief was entered on May 6, 1975.

Some 57 days later, on July 2, 1975, appellant filed in the trial court a Rule 60(c) motion seeking relief from the trial court's order of May 6th. At the same time, he also perfected an appeal from the May 6th order by filing his notice of appeal and an appropriate bond.

On September 8, 1975, while the appeal was pending, the trial judge entered an order granting the relief requested by appellant in his Rule 60(c) motion, setting aside the May 6th order which had dismissed appellant's second will contest petition. The trial judge ordered that the second petition be set for a hearing on the merits. The appellees immediately moved for rehearing on September 10, 1975, asserting, among other positions going to the merits of the court's order, the contention that because an appeal was pending dealing with the same subject matter, the trial court lacked jurisdiction to consider and rule upon the appellant's Rule 60(c) motion. In the meantime, apparently acting in reliance upon the trial court's grant of the relief requested in his Rule 60(c) motion, appellant obtained an order dismissing his then-pending appeal pursuant to the provisions of Rule 73(c), Rules of Civil Procedure, 16 A.R.S.

Against the foregoing procedural background, on November 5, 1975, the trial judge entered an order as follows:

"After duly considering all matters presented, the Court has concluded that its Order of September 8, 1975, permitting the contestant, Stephen Hobbs, to withdraw his withdrawal of opposition to the Will and allowing the second petition for removal of executor and for appointment of administrator to be reinstated was error and beyond the jurisdiction of the Court, the Order having been made and an appeal taken therefrom."

In addition to the jurisdictional basis, the court further commented on the merits:

"It further appears to the Court, and the matter of paramount importance in the case, that the original Order that the 'Second Petition For Removal of Executor and for Appointment of Administrator filed by Stephen Hobbs be dismissed',

---

1. Arizona Rules of Civil Procedure, 16 A.R.S.

2. Appellee Billy Lee Condry was the husband of decedent and the stepfather of appellant.

made and entered on the 6th day of May, 1975, is the proper and correct Order in the case.

From the evidence and testimony offered at the last hearing it appears without question that a valid agreement was entered into between the contestant and the executor for the withdrawal of contestant's petition. That, while the contestant was not represented by counsel at the time the agreement was filed and the petition withdrawn, he had been represented by his same attorney prior to that time, had been advised by his attorney not to enter into such agreement and had chosen to ignore the advice of his attorney. The contestant, Stephen Hobbs, was fully aware of all the facts, disputed or otherwise, at the time he entered into the agreement. While there is some dispute upon minor matters, it appears that the agreement was accepted and acted upon by both parties. The fact that the contestant became dissatisfied with the agreement and decided to re-employ his counsel and that a new questioned document came into being is really immaterial as the contestant no longer was in a position to object.

There was no evidence whatsoever presented to the Court that there was any fraud perpetrated against the defendant; there was no evidence that he was misled in any way by the executor; there was no evidence that the contestant had ever asked any questions about the estate and had been wrongfully advised as to the facts of the estate by the executor."

Appellant again duly perfected an appeal, this time from the trial court's above-quoted order of November 5, 1975. The appeal from this latter order is the subject of this opinion.

■ Although Rule 60(c) gives a trial court the power to set aside its prior orders upon a finding of the circumstances set forth in that rule, this power is subject to the exception that upon the perfecting of an appeal from prior orders, the trial court loses jurisdiction to consider such a motion.

*Burkhardt v. Burkhardt,* 109 Ariz. 419, 510 P.2d 735 (1973); *see State v. Lopez,* 96 Ariz. 169, 393 P.2d 263 (1963); *see also O'Hair v. O'Hair,* 109 Ariz. 236, 508 P.2d 66 (1973); *Castillo v. Industrial Commission,* 21 Ariz. App. 465, 520 P.2d 1142 (1974). Here, appellant's Rule 60(c) motion relating to the trial court's order of May 6, 1975 was considered and ruled upon by the trial court while the appeal from that order was pending in this court. Therefore, the trial court correctly ruled in its later order of November 5, 1975, that it lacked jurisdiction to consider appellant's Rule 60(c) motion.

■ Appellant's questions relating to the merits of the trial court's order of May 6, 1975, are not properly before us, inasmuch as the appeal from that order was dismissed. We recognize that appellant contends that his prior appeal was dismissed because of his mistaken reliance upon the trial court's now vacated order granting him the relief which he sought. However, he has not filed any motion requesting reinstatement of that dismissed appeal, and we express no opinion as to whether this court could have granted a timely filed motion for reinstatement under the principles enunciated in *Irvin v. Dwight B. Heard Investment Co.,* 35 Ariz. 528, 281 P. 213 (1929). *See also* authorities cited, 5 Am. Jur.2d, Appeal and Error, § 928, and 5 C.J.S. Appeal and Error § 1391.

■ We note that appellant was not without a remedy if he felt that the circumstances were such as to justify an application to the trial court for Rule 60(c) relief while his prior appeal was pending. As indicated in *Burkhardt v. Burkhardt, supra,* under appropriate circumstances the appellate court may enter an order returning a cause to the trial court for hearing while an appeal is pending. The discretion of the appellate court in this regard may be invoked by the filing of a motion showing good cause requesting that the appeal be suspended and that jurisdiction be revested in the trial court for a limited period for the specific purpose of hearing and determining the matters specified.

In conclusion, we hold that the trial court correctly ruled in its order of November 5, 1975 that it lacked jurisdiction to consider appellant's Rule 60(c) motion requesting relief from the trial court's dismissal of appellant's second petition contesting the probate of the will.

The trial court's order of November 5, 1975 is therefore affirmed.

NELSON, P. J., and FROEB, C. J., concur.