576 P.2d 1009

**Edmund Wade FAIRCHILD, Appellant,**

v.

**Jean B. FAIRCHILD, Appellee.**

**2 CA–CIV 2510.**

Court of Appeals of Arizona,
Division 2.

Jan. 20, 1978.
Rehearing Denied Feb. 22, 1978.

Kraig J. Marton, Phoenix, for appellant.

Law Offices of Warren R. Brock by Leslee K. Sloss, Tucson, Bloom & Levitt by Lawrence I. Levitt, Millburn, N. J., for appellee.

OPINION

RICHMOND, Chief Judge.

Edmund Wade Fairchild, an Arizona resident, appeals from a judgment denying his request for modification of support payments to his ex-wife, Jean Fairchild, a resident of New Jersey. The parties are before the Arizona court pursuant to the following stipulation:

"1. EDMUND WADE FAIRCHILD, hereinafter referred to as Defendant, will pay to JEAN B. FAIRCHILD, hereinafter referred to as Plaintiff, the sum of $28,209.05, on or before the 16th day of July, 1975, representing arrearages for support and maintenance which have accrued arising out of an Agreement entered into on October 11, 1961 and a Judgment in a Divorce action dated February 7, 1962, by and between the parties in the Superior Court of New Jersey, Chancery Division, Essex County, Docket # M–823–61.

"2. Defendant shall have the right to file a Petition for the modification of said Judgment in Pima County, Arizona. Plaintiff will not contest the jurisdiction of that Court to hear the Petition.

"3. It is expressly understood and agreed that:

"a. Plaintiff does not agree that the Defendant is entitled to procure a modification of the Decree and expressly denies that the Defendant is entitled to any such modification.

"b. The Arizona Court will apply New Jersey law in determining the matters before the Court.

"c. This Stipulation does not constitute a waiver by the Plaintiff with respect to the forum of any further matters which may be filed by the parties, and it is the Plaintiff's contention that any matters arising out of the New Jersey Judgment cannot be heard in any Court outside the State of New Jersey except upon the Stipulation and Agreement of the Plaintiff."

The Fairchilds were divorced in 1962 after 18 years of marriage and three children. At that time appellant was involved in his family's business and had earnings of approximately $50,000 per year, besides the ownership of some stock in the company. In 1961 the parties had entered into a separation agreement, which was incorporated by reference into the divorce decree. Appellant was to pay alimony and child support totaling $19,500 per year. The sum was reduced about the time each child reached majority and his present obligation is $13,500 alimony per year plus maintenance of some insurance policies.

Following the divorce, appellant remarried and became the father of three adopted children. At the time of trial, he and his second wife were separated. He was no longer employed in his family's business but owned and was trying to develop a company in Arizona. His earnings were less but he still had substantial assets, e.g., as one of the income beneficiaries of a trust established under his father's will. Appellant had experienced some health problems in recent years, but the evidence adduced at trial indicates that he had essentially recovered.

Appellee resides alone in an apartment, as all three children of their marriage are grown. In recent years she has been employed as a bookkeeper for a physician. She has some assets in the form of a savings account and payments from the sale of her home.

Trial was to the court in June 1976. The parties agree that at that time the New Jersey law as to modifying support agreements was as embodied in *Schiff v. Schiff*, 116 N.J.Super. 546, 283 A.2d 131 (1971), cert. den. 60 N.J. 139, 286 A.2d 512 (1972):

"The showing of 'changed circumstances,' *Berkowitz v. Berkowitz, supra,* 55 N.J. 564 at 569, 264 A.2d 49, to warrant the court in modifying an agreement between husband and wife must be such as to convince the court that to enforce the agreement would be unconscionable, the same standard that is applied by courts of equity to the specific enforcement of contracts in other fields. A far greater showing of changed circumstances must be made before the court can modify a separation agreement than need be shown to warrant the court amending an order for alimony or support." 283 A.2d at 139

Appellant raises three issues:

1. Should a new trial be granted where the court and parties applied an "unconscionability" standard for modification which has since been overruled?

2. Did the trial court abuse its discretion in failing to modify the 1962 judgment?

3. Did the court err in awarding costs?

Appellant's first contention is that he should be granted a new trial because New Jersey law has now been changed, *Smith v. Smith,* 72 N.J. 350, 371 A.2d 1 (1977):

"It has heretofore been accepted doctrine that a greater showing of changed circumstances is needed if a change is to be made when the support payments have been determined by interspousal consent

than when they have been settled by court decree.

\* \* \* \* \* \*

"Because, as we have just pointed out, support payments are intimately related to equitable distribution, and because we feel that trial judges should have the utmost leeway and flexibility in determining what is just and equitable in making allocations of marital assets, we think the foregoing rule should now be changed. Henceforth the extent of the change in circumstances, whether urged by plaintiff or defendant, shall be the same, regardless of whether the support payments being questioned were determined consensually or by judicial decree. In each case the court must determine what, in the light of all the facts presented to it, is equitable and fair, giving due weight to the strong public policy favoring stability of arrangements." 371 A.2d at 6

The court's minute entry was dated July 29, 1976, and the judgment was entered September 27, 1976. The *Smith* decision was handed down in January 1977 and therefore was not before the trial court.

■ The parties stipulated to litigation of the matter in an Arizona court pursuant to New Jersey law. New Jersey is committed to the prevailing common law doctrine in civil matters that a change of the established law by judicial decision is retrospective, unless a party has been prejudiced to a substantial degree by justifiable reliance upon the previous rule. *In re Kloppenberg*, 82 N.J.Super. 117, 196 A.2d 800 (1964). Such retrospective effect has been given where the change occurs after trial but during pendency of appeal. *Pabon v. Hackensack Auto Sales, Inc.*, 63 N.J.Super. 476, 164 A.2d 773 (1960). Inasmuch as appellee's rights under the separation agreement were acquired some 10 years before the rule in *Schiff* was pronounced, there is no question of reliance here. The proper standard to be applied, therefore, is the *Smith* standard, rather than the *Schiff* standard in force at the time of trial.

■ Appellant also contends that even under *Schiff* the court abused its discretion in not modifying the 1962 judgment. We disagree. Where there is a conflict of evidence we will not review the judgment of the trial court. *Associated Builders, Inc. v. Stovall*, 102 Ariz. 54, 424 P.2d 455 (1967).

In view of the foregoing, however, the case must be remanded for redetermination applying the rule of *Smith v. Smith*, supra, to the evidence received at the 1976 trial. Appellant's contention that the court erred in awarding costs is rendered moot by the result that we reach. We note, however, that although appellant filed timely objections to certain items contained in appellee's verified statement of costs, the trial court had not ruled on his objections at the time it was divested of jurisdiction by perfection of this appeal. *Burkhardt v. Burkhardt*, 109 Ariz. 419, 510 P.2d 735 (1973).

The judgment is vacated and the case remanded for reconsideration under the present state of New Jersey law.

Remanded.

HOWARD and HATHAWAY, JJ., concurring.