623 P.2d 848

**Betty L. JUNIEL, Petitioner/Appellee,**

v.

**Bobby Joe JUNIEL, Respondent/Appellant.**

**No. 2 CA–CIV 3692.**

Court of Appeals of Arizona, Division 2.

Dec. 19, 1980.

Rehearing Denied Jan. 28, 1981.

Review Denied March 3, 1981.

Law Offices of J. Emery Barker by James P. F. Egbert, Tucson, for petitioner/appellee.

O'Meara, Michela & Weber by Victoria Ann King, Tucson, for respondent/appellant.

OPINION

RICHMOND, Judge.

The question on this appeal is whether the trial court correctly applied the recent decision of *Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980), in awarding to appellee as her sole and separate property the net proceeds of any recovery in a pending superior court action against the City of Tucson for personal injuries she sustained. We affirm.

The Juniels were married in Arizona in 1973 and on September 6, 1978, filed the personal injury complaint for injuries sustained by Betty on March 31, 1978. A dissolution petition was filed by Betty on October 6, 1978, and on January 8, 1980, a decree of dissolution was entered. The de-

cree provided in part for equal division between the parties of the net proceeds from (1) the sale of their home and (2) any recovery in the personal injury action.

On January 10, 1980, Betty filed a motion to amend the decree or for a new trial as to the distribution of the net proceeds from the personal injury action. Before the trial court ruled on the motion, the *Jurek* case was decided by our supreme court and on February 19 the court granted the motion. The amended decree of dissolution awarded the personal injury net proceeds to Betty.

■ Appellant contends the trial court erred in applying the *Jurek* doctrine to causes of action for personal injuries accruing before the *Jurek* decision was announced, thereby depriving him of a property interest in Betty's claim. We disagree.

In *Jurek*, the supreme court rejected the long-standing rule in Arizona, consistently followed since 1926, that a cause of action for injury to the person of either spouse during marriage and the damages recovered therefor are community property. The court stated:

> In the case at issue the serious injuries to the appellant are personal to him.... [T]he body which he brought to the marriage is certainly his separate property. The compensation for injuries to his personal well-being should belong to him as his separate property. Any expenses incurred by the community for medical care and treatment and any loss of wages resulting from the personal injury should be considered community in nature, and the community is entitled to recover for such losses. 124 Ariz. at 598, 606 P.2d at 814.

■ Appellant's contention that *Jurek* should apply prospectively only is negated by the application of the newly-announced principle of law to the parties in *Jurek*. When a court intends an overruling decision to have only prospective effect, it specifically says so. *See, e.g., City of Tempe v. Del E. Webb Corp.*, 14 Ariz.App. 228, 482 P.2d 477 (1971); *Southern Pacific Co. v. Cochise County*, 92 Ariz. 395, 377 P.2d 770 (1963).

We do not mean to suggest that the *Jurek* rule should be applied retrospectively to affect final decrees entered prior to its announcement. *See Reed v. Reed*, 124 Ariz. 384, 604 P.2d 648 (App.1979). Nevertheless, contrary to appellant's argument, the Juniel community acquired no property interest in compensation for injuries to Betty's personal well-being. That the rule was announced after the trial of this case does not preclude its application, the rights of the parties not having been finally adjudicated. *Cf. Arnold v. Knettle*, 10 Ariz.App. 509, 460 P.2d 45 (1969) (change of law during appeal); *Fairchild v. Fairchild*, 118 Ariz. 354, 576 P.2d 1009 (App.1978) (applying New Jersey law).

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.