625 P.2d 347

**STATE of Arizona, Plaintiff-Appellee**

v.

**SURETY INSURANCE COMPANY OF CALIFORNIA, Defendant-Appellant.**

**No. 1 CA–CIV 4705.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 15, 1981.

Rehearing Denied Feb. 26, 1981.

Review Denied March 17, 1981.

Jay V. Flake, Navajo County Atty. by Michael G. Prost, Deputy County Atty., Holbrook, for plaintiff-appellee.

Henry J. Florence, Ltd. by Henry J. Florence and Richard M. Gerry, Phoenix, for defendant-appellant.

## OPINION

EUBANK, Judge.

Garvin Dale White was apprehended in Navajo County as the pilot of an airplane carrying some 1100 pounds of marijuana. The Justice of the Peace for the Snowflake Justice Court fixed his appearance bond at $33,000.00. The appellant, Surety Insurance Company of California, posted the bond on behalf of White. White was subsequently indicted for possession and transportation of marijuana.

A first trial ended in a mistrial. Certain evidence against White was subsequently ordered suppressed by reason of an unlawful search and seizure. The State appealed from the suppression order, and this Court ultimately reversed the order. *See State v. White*, 118 Ariz. 47, 574 P.2d 840 (App. 1977).

In February 1977, White was arrested on unrelated charges in Yuma County. As a result of the discovery of a fugitive warrant from California, that State sought White's extradition. White filed a writ of habeas corpus challenging extradition. A member of the Attorney General's Office and a member of the office of the Navajo County Attorney were present on behalf of the State at the initial hearing on the writ of habeas corpus. When the matter again came before the Court for decision on April 26, 1977, they were not present and the trial court indicated that it would deny the writ. Upon rendition of this ruling, White moved to exonerate, *inter alia*, the bond posted on the Navajo County charges. The following colloquy occurred:

THE DEFENDANT: Yes. The Holbrook matter would be dropped once I am in custody as far as the bond—

THE COURT: It is my understanding that when you are unable to appear in Holbrook through no fault of your own that that bond can't be forfeited, and I suppose if you don't pay the premium, that will be the end of it.

MR. MEHRENS: Your Honor, what I might suggest, it is our understanding there is only one Superior Court in the State of Arizona. Could the court to the extent it feels it has jurisdiction to do so, since Mr. White is in custody, exonerate the bond in Holbrook?

THE COURT: I certainly have no objection to that because I think that is what should be done, and I may not have the authority, but if I do, it will be so ordered.

The record shows that no representative of the Attorney General's Office was present at this hearing on April 26, 1977. Further, it shows that no notice was given that an attempt would be made to exonerate the Navajo County appearance bond in Yuma.

On April 29, 1977, Judge Helm signed a formal order denying the writ of habeas corpus, exonerating two other bonds and further stating:

To the extent this court has jurisdiction to do so,

IT IS FURTHER ORDERED exonerating the bond of Garvin Dale White in Navajo County, Arizona.

Additionally, White had prior to the April 26 hearing moved in this Court for an order exonerating his Navajo County bond. This motion was filed on March 31, during the pendency of the appeal from the order of suppression. This fact was not revealed to the trial judge. This Court denied the motion on May 5, 1977 stating in substance that any motion to exonerate the bond should be addressed to the Superior Court.

After reversal of the order of suppression and remand by this Court, the charges against White were set for trial in Navajo County on March 7, 1978. White did not appear, and his failure to appear was not

the result of incarceration in California or any other state. He was tried and found guilty of all charges *in absentia* on March 10, and the State moved to forfeit the $33,-000.00 appearance bond.

In May 1978, White's counsel filed a "Memorandum in Opposition to Forfeiture of Bail Bond." The first paragraph of the memorandum reads:

It is the position of the defendant and the surety on his bond that the court cannot order a forfeiture of the bond for at least two reasons:

1) This bond was exonerated by an order of the superior court of the state of Arizona;

2) During the pendency of this action and the existence of the bond, the governor's office of the state of Arizona permitted the extradition of the defendant to the state of California.

The memorandum enlarged upon these arguments. It is to be noted that the first argument is essentially based upon the principle of *res judicata*, that is, that the order of the Yuma County Superior Court on April 29, 1977, was controlling. There was an oral argument on the motion, after which counsel for defendant and appellant filed another memoranda, again urging that since there was "but one Superior Court in Arizona", Judge Helm's April 29th order was conclusive.

On July 7, 1978, the trial judge rendered a written "decision of bond forfeiture", ordering payment of the bond in full within 30 days. The decision was filed on July 10. It holds that "Judge Helm had no jurisdiction to exonerate the bond", and that, in effect, extradition did not work to exonerate the bond.

*No appeal was taken from this decision.* There are indications in the record that appellant set about to pay the bond but never did so.

On November 3, 1978, appellant petitioned the trial court "to permanently stay execution of the judgment forfeiting the bond." The motion was made pursuant to Rule 60(c)(4), Rules of Civil Procedure, 16 A.R.S., on the basis that the trial court's decision of July 10, 1978 was void as a collateral attack upon the order of the Yuma County Superior Court exonerating the bond, to the extent of its jurisdiction to do so. Appellant's motion was denied by the order of the trial court, and it took this appeal.

Accordingly, the only question put before this Court is whether the Navajo County trial court's decision ordering forfeiture of the bond is void as an impermissible collateral attack upon the order of the Yuma County Superior Court. The question of whether appellant was entitled to exoneration on other grounds is not before us. As to this, *see* 4 A.L.R.2d 440, at pages 454–455 (1949), and *State v. Liakas*, 165 Neb. 503, 86 N.W.2d 373 (1957). These authorities indicate that extradition of the principal by the obligee state is an occasion for exoneration of a bail bond.

Appellant's position is that the Yuma County Superior Court order exonerating the bond was not void upon its face, so that it could not be collaterally attacked, even if erroneous. To show that it was proper upon its face, appellant argues that the Yuma County Superior Court had jurisdiction over the subject matter, jurisdiction over the proper parties, and jurisdiction to enter the particular order it entered. For this last proposition, appellant relies upon *State v. Superior Court*, 102 Ariz. 388, 430 P.2d 408 (1967). There, our Supreme Court approved the discharge of a Pima County Grand Jury by a judge other than the judge who had convened it, after the discharging judge had ascertained that the grand jury had not been properly qualified. The Supreme Court overruled the decision of the Court of Appeals in this regard. *See State v. Superior Court*, 4 Ariz.App. 373, 420 P.2d 945 (1966), *opinion on rehearing*, 4 Ariz.App. 562, 422 P.2d 393 (1967).

The State's initial contention to affirm is that the trial court's decision forfeiting the bond became final and *res judicata* when appellant failed to appeal from the July 10, 1978 order, and that appellant's subsequent Rule 60(c) motion is merely an attempt to

relitigate that which was already finally determined. We agree with the State.

The jurisdiction of the Yuma County Superior Court was clearly placed in issue in the proceedings to forfeit the bond in Navajo County. The order itself invited such an inquiry. The trial court addressed the issue and expressly held that the Yuma County Superior Court had no jurisdiction to exonerate the bond. Further, the Yuma County Superior Court really left its jurisdiction an open question. The court said, "To the extent that this court has jurisdiction to do so . . . .", the bond is exonerated. This is a reserved or conditional ruling. The clear message of the Yuma order is that the Yuma Court was only exonerating the bond to the extent it had jurisdiction to do so.

A motion pursuant to Rule 60(c), is not a substitute for appeal. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); 7 *Moore's Federal Practice* (1979), § 60.18[8]; 11 Wright & Miller, *Federal Practice and Procedure*: Civil § 2851. A motion pursuant to Rule 60(c) may not be used to relitigate issues already raised and heard by the Court. *State v. Swingel*, 110 Ariz. 66, 514 P.2d 1254 (1973); *Neagle v. Brooks*, 203 Kansas 323, 454 P.2d 544 (1969). A judgment is *res judicata* as to matters determined therein. *Mason Dry Goods Co. v. Ackel*, 30 Ariz. 7, 243 P.2d 606 (1926). This includes a determination made in regard to jurisdiction. *Bates v. Mitchell*, 67 Ariz. 151, 153, 192 P.2d 720, 721 (1948); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 311, 146 P. 203, 206 (1914). If this were not the case, jurisdiction could be litigated *ad infinitum*.

Essentially, in the instant case, appellant seeks to relitigate the jurisdiction of the Yuma County Superior Court under the guise of an attack upon the jurisdiction of the Navajo County Superior Court. The issue was determined by the Navajo Court, however, rightly or wrongly, and the judgment was allowed to become final and *res judicata* for lack of an appeal, *Casa Grande Trust v. Superior Court*, 8 Ariz.App. 163, 444 P.2d 521 (1968). It cannot be relitigated by simply changing the context to an assertion of voidness under a motion made pursuant to Rule 60(c)(4).[1] While it is clear that a bondsman may appropriately utilize Rule 60(c) in a forfeiture proceeding, nothing in either *State ex rel. Berger v. Marquardt*, 111 Ariz. 413, 531 P.2d 536 (1975), or *Hartford Accident and Indemnity Co. v. Phoenix Sand and Rock, Inc.*, 116 Ariz. 366, 569 P.2d 308 (1977), aids appellant here.

Appellant has argued that the Yuma County Superior Court had inherent power to exonerate the bond because the bond was exonerated *ipso facto* as a matter of law by the extradition of Garvin Dale White. The argument that extradition itself worked exoneration was at least strongly suggested in appellant's memorandum in the Superior Court prior to the judgment of forfeiture. As indicated above, voidness of the obligation as distinguished from the impervious character of the order of the Yuma County Superior Court is not in issue on this appeal.

Inasmuch as the only issue before us is the sanctity of the Yuma County Superior

---

1. This point is well stated by the U.S. Supreme Court in *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 263, 98 S.Ct. 556, 560, 54 L.Ed.2d 521, 530 (1978) in footnote 7, where it said:

> 7. Rule 60(b) [our 60(c)], unlike Rules 52(b) and 59, does not contain a 10-day time limit. A motion for relief from judgment under Rule 60(b), however, does not toll the time for appeal from, or affect the finality of the original judgment. See 7 J. Moore, Federal Practice ⁋ 60.29, pp. 413–414 (1975). Thus, while the District Court lost jurisdiction 10 days after entry of the October 21 judgment to grant relief under Rule 52(b) or 59, its power to grant relief from judgment under Rule 60(b) still existed on January 26. A timely appeal may be taken under Fed.Rule App. Proc. 4(a) from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review. See *Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53 (CA2), cert. denied, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976); *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (CA7 1971); cert. denied, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972); 7 J. Moore, Federal Practice ⁋ 60.19, p. 231; ⁋ 60.30[3], pp. 430–431 (1975).

Court's order of exoneration and the power of the Navajo County Superior Court to make an order at variance therewith, that is the end of this appeal. It is apparent that a direct appeal might have encompassed issues of a much wider scope of review.

The judgment of the Superior Court denying the motion to stay execution of this judgment forfeiting bond is affirmed.

HAIRE, P. J., and JACOBSON, J., concur.