658 P.2d 192

**Gary James BUDREAU, Petitioner/Appellee,**

v.

**Jimmie Ann BUDREAU, aka Jimmie Ann Cox, Respondent/Appellant.**

**No. 2 CA–CIV 4366.**

Court of Appeals of Arizona, Division 2.

Sept. 15, 1982.

Rehearing Denied Nov. 5, 1982.

---

Charles L. Weninger, Tucson, for petitioner/appellee.

Rowland & Durazzo, P.C., by Patric E. Durazzo, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Judge.

This appeal presents another aspect of the effect of *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), on a decree entered before *McCarty.*

An amended decree of dissolution was entered on June 1, 1981. It provided, inter alia, for an award to appellant of 36.5% of appellee's gross military retirement benefits. Appellee filed a notice of appeal from the dissolution decree on June 22, 1981. The record on appeal was forwarded to this court on August 3.

On August 6, appellee filed in the trial court a motion for relief from the judgment, pursuant to Arizona Rules of Civil Procedure, Rule 60(c), subsecs. (4) or (6), claiming that *McCarty* precluded the court from dividing his military retirement pay. On August 7, appellee filed a motion to dismiss his appeal, pursuant to A.R.C.A.P. Rule 26(a). This motion stated that the main issue appellee intended to raise on appeal was the division of his retirement pay, which *McCarty* had resolved after the notice of appeal was filed. It also stated that Rule 60(c) relief instead of prosecution of his appeal would be more economical in costs and judicial time.

On November 4, the trial court first granted the motion to dismiss and then granted the motion for relief from judgment pursuant to Rule 60(c)(4), finding that the provision of the decree awarding appellant 36.5% of appellee's retirement benefits was void. An amended decree was filed on December 7, 1981, and this appeal followed.

Appellant contends that the trial court erred in granting appellee's motion pursuant to Rule 60(c)(4) and in giving retroactive effect to *McCarty.* We agree with appellant that the award of a portion of appellee's military pension in the dissolution decree would be res judicata and entitled to enforcement if the decree had become final. *Rodriguez v. Rodriguez,* 133 Ariz. 88, 649 P.2d 291 (1982).[1]

In *Rodriguez,* we stated:

"*McCarty* may not be given retroactive application in cases where the issue of the community nature of a military pension was adjudicated and the judgment has become final prior to the date of the *McCarty* decision."

 The judgment here, entered June 1, 1981, had not become final prior to the June 26, 1981, decision in *McCarty.* In fact a notice of appeal had already been filed. Appellate courts will dispose of a case according to the law prevailing at the time of the appellate disposition when there is a change of law by judicial decision between the time of trial and the time of appeal. *Sandoval v. Sandoval,* 130 Ariz. 117, 634 P.2d 405 (App.1981); *Arnold v. Knettle,* 10 Ariz.App. 509, 460 P.2d 45 (1969); see also *Juniel v. Juniel,* 128 Ariz. 59, 623 P.2d 848 (App.1981); *Fairchild v. Fairchild,* 118 Ariz. 354, 576 P.2d 1009 (App.1978). Therefore, we would have applied *McCarty* to appellee's appeal, as did Division One in *Sandoval.*

 When appellee filed his notice of appeal on June 22, 1981, this divested the trial court of jurisdiction to consider the Rule 60(c) motion. *Matter of Estate of Condry,* 117 Ariz. 566, 574 P.2d 54 (App. 1977). Appellee's remedy while his appeal

would be pending would be to apply to this court for suspension of the appeal and revestment of jurisdiction in the trial court for the specific purpose of hearing and determining the Rule 60(c) motion. *Condry,* supra. However, the appeal had not been docketed in this court and therefore was not yet pending here. The trial court had jurisdiction to dismiss the appeal under A.R.C.A.P. Rule 26(a). The court did dismiss the appeal before granting Rule 60(c) relief.

 A motion pursuant to Rule 60(c) cannot be used as a substitute for appeal to relitigate issues which have already been finally determined. *State v. Surety Ins. Co. of California,* 128 Ariz. 284, 625 P.2d 347 (App.1981). Appellee was not using Rule 60(c) as a substitute for appeal because of failure to timely appeal. He used it as an alternative to a timely perfected appeal.

 Although the June decree was not void, the trial court was correct in granting appellee Rule 60(c) relief. *Juniel,* supra.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.

---

1. The Arizona Supreme Court approved the opinion of this court on July 16, 1982. *Rodri-* *guez v. Rodriguez,* 133 Ariz. 87, 649 P.2d 290 (1982).