NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JACOB G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, K.G., E.G., *Appellees*.

No. 1 CA-JV 21-0257
FILED 3-10-2022

Appeal from the Superior Court in Maricopa County
No. JD532889
The Honorable Nicolas B. Hoskins, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

¶1        Jacob G. ("Father") appeals the superior court's order terminating his parental rights to his children. For the following reasons, we treat the appeal as a special action. We accept jurisdiction and deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Father's two children, K.G. and E.G., were born in 2014 and 2018 respectively. Father has a mental illness which led to a prior dependency for K.G. In that dependency, Father participated in services, and the superior court returned the child to his custody. In October 2019, the Department of Child Safety ("DCS") learned that Father and the children's mother had engaged in domestic violence, that Father had substance-abuse issues, and that Father's mental-health continued to suffer. DCS took custody of the children and petitioned for dependency.

¶3        DCS asked Father to participate in a drug test and to disclose his mental-health treatment records, but he refused. Father was also warned about the consequences of failing to attend court hearings. When he failed to appear on time for a pretrial conference, the court adjudicated the children dependent in his absence and set a case plan of family reunification. Once Father did arrive, the court discussed reunification services with him.

¶4        Over the next eighteen months, Father, for the most part, only participated in visitation. DCS moved to terminate his parental rights based upon fifteen months in an out-of-home placement. Father was again warned of the consequences of failing to attend court hearings. Nonetheless, he failed to appear for the initial severance hearing, and the superior court found Father had waived his rights unless he could present good cause for his absence. Because Father's attorney was not present, the court preserved its finding and set a future hearing to take evidence on the termination motion. Father failed to appear at the next three hearings, and

the court took evidence and terminated his parental rights. Father appealed the termination order.

**¶5** Two months later, Father moved to have the court set aside its termination order, claiming he had good cause for his non-appearance. This court stayed Father's appeal and authorized the superior court to consider his motion. The superior court then issued an order finding Father's motion untimely and finding he had failed to establish good cause for his non-appearances. Father did not appeal that order.

## DISCUSSION

**¶6** As an initial matter, DCS argues this court lacks jurisdiction to consider Father's appeal because he did not file a notice of appeal from the superior court's order denying his motion to set aside. We agree. *See Lindsey v. Dempsey*, 153 Ariz. 230, 235 (App. 1987) ("Since the ruling of which [appellant] complains occurred after the entry of judgment and the filing of the notice of appeal, we do not have jurisdiction to address it.").

**¶7** Father's reliance on *Budreau v. Budreau* is not persuasive. 134 Ariz. 539 (App. 1982). Nowhere in *Budreau* does it indicate that Father would not be required to file a new notice of appeal from an order denying relief after judgment. *See id.* Indeed, those orders routinely require a new notice of appeal. *See China Doll Rest., Inc. v. Schweiger*, 119 Ariz. 315, 316-17 (App. 1978). Nonetheless, given Father's suggestion of procedural unfairness and the important fundamental rights at issue in termination cases, in the exercise of our discretion, we accept special action jurisdiction. *See Brionna J. v. Dep't of Child Safety*, 247 Ariz. 346, 350-51, ¶¶ 13-14 (App. 2019).

**¶8** Turning to the merits, Father raises two issues in his opening brief: (1) the superior court erred by finding untimely his motion to set aside and (2) the court erred by not holding an evidentiary hearing on that motion.

**¶9** This court reviews a finding regarding good cause and the denial of a motion to set aside a judgment for an abuse of discretion. *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 91, ¶ 27 (2019); *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007). The superior court "is in the best position to make discretionary findings such as what constitutes good cause for failure to appear." *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶ 12 (App. 2010). This court therefore "will reverse only if the [superior] court's exercise of [its] discretion was 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Adrian E.*,

215 Ariz. at 101, ¶ 15 (quoting *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)).

**¶10**        To show good cause, a party must demonstrate (1) mistake, inadvertence, surprise, or excusable neglect and (2) a meritorious defense. *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007). Excusable neglect exists if "the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)). Proving a meritorious defense "presents a minimal burden" and requires "no more than showing a substantial defense to the action . . . that is not facially unmeritorious." *Trisha A.*, 247 Ariz. at 90, ¶ 26 (citations and internal quotation marks omitted).

**¶11**        Here, even if the superior court erred and Father's motion was timely, his argument that the court was required to hold an evidentiary hearing is not availing. Father never requested an evidentiary hearing, and he cites no authority requiring the superior court to hold one.

**¶12**        Moreover, Father claimed in his motion that he had good cause for failing to appear at the July 20, 2021 termination hearing because at some unidentified time before the hearing, he fractured his jaw, broke his prescription glasses, and had his electronic devices and backpack stolen, which included contact information for DCS and his attorney. Father did not attach an affidavit or any medical records to support his motion. Nor does Father explain why, through some effort, he could not have tracked down contact information for the superior court, DCS, or his attorney.

**¶13**        Regardless, Father fails to explain his absence from the April 2021 initial severance hearing, the May 2021 continued initial severance hearing, and the July 2021 report and review hearing. *See* A.R.S. §§ 8-535(D), (E)(3), -844(F). At each of these hearings, the superior court found Father had failed to appear without good cause and preserved those findings until the court could take evidence on the termination motion. On this record, we cannot say the superior court's order denying Father's motion to set aside is manifestly unreasonable or exercised on untenable grounds.

**CONCLUSION**

**¶14** For the foregoing reasons, we accept special action jurisdiction and deny relief.

