NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

AMICA MUTUAL INSURANCE COMPANY, *Plaintiff/Appellee,*

*v.*

FATEMEH HEMADI, et. al., *Defendants/Appellants.*

No. 1 CA-CV 22-0139
FILED 1-12-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2019-097839
The Honorable Stephen M. Hopkins, Judge (Retired)

**AFFIRMED**

---

APPEARANCES

Fatemeh Hemadi, Ali Islam, Tempe
*Defendants/Appellants*

Crosby & Gladner PC, Mesa
By Marc S. Gladner, Thomas R. Tuohy, Jr.
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

**¶1** Fatemeh Hemadi and Ali Islam (collectively, the Hemadis), a married couple, appeal from the judgment entered on an arbitration award against them. For the following reasons, we affirm.

**BACKGROUND**

**¶2** In August 2017, Fatemeh Hemadi and Tyree Mathern got into a car accident. Hemadi was determined to be at fault. Amica Mutual Insurance Company filed suit in justice court to collect insurance payouts from the car accident made under Mathern's motorist coverage. In response, the Hemadis filed a counterclaim containing a damage estimate that exceeded the justice court's jurisdictional monetary limitations. Based on the amount of damages claimed and upon a Motion to Transfer filed by Amica, the case was transferred to the superior court.[1] Following a compulsory arbitration hearing, the arbitrator filed an arbitration award in Amica's favor on November 18, 2021.

**¶3** The Hemadis had until December 8 to appeal the arbitration award in the superior court in compliance with Rule 77 of the Arizona Rules of Civil Procedure (Rule). The Hemadis failed to do so. Instead, the Hemadis filed a "Notice of Appeal" prematurely requesting review by this court.

**¶4** Once the deadline to appeal the arbitration award in the superior court passed, Amica moved for entry of judgment. The Hemadis did not respond. The superior court entered final judgment on January 25,

---

[1] Before the case was transferred but after the Hemadis filed the counterclaim, Amica's counsel failed to appear for a mediation hearing. We note that once the Hemadis filed the counterclaim, the justice court's jurisdiction was limited to acts in furtherance of transfer, and it lacked authority to resolve the dispute through mediation. *See* A.R.S. § 22-201(B), (G).

2022. The next day, the Hemadis filed a second "Motion to Appeal" in the superior court.[2]

**DISCUSSION**

**I.      The Hemadis Timely Appealed from Final Judgment**

**¶5**          We first address whether the Hemadis timely appealed. *See* ARCAP 8. "To appeal a judgment, a party must file a notice of appeal under Rule 8 no later than 30 days after entry of the judgment from which the appeal is taken." ARCAP 9(a). The Rules of Civil Appellate Procedure detail what a notice of appeal must contain. ARCAP 8(c). Nonetheless, the ultimate issue is "whether sufficient notice of the appeal is conveyed without misleading or prejudicing the other party[,]" *see City of Phoenix v. Bellamy*, 153 Ariz. 363, 367 (App. 1987), and "where the record discloses an appellant's intent to appeal from a judgment, . . . the notice of appeal should be construed as sufficient[,]" *Hill v. City of Phoenix*, 193 Ariz. 570, 572, ¶ 10 (1999).

**¶6**          The Hemadis filed a second "Motion to Appeal," docketed as a notice of appeal. Although contesting the superior court's entry of judgment "[o]n January 24, 2022," the unsigned motion requests "dismissal of the entire case," "assignment of pro bono attorney," or "[t]rial by [j]ury." But obvious defects aside, what the Hemadis seek to appeal is not ambiguous. This case involves two parties, only one of whom was aggrieved by a final judgment, and two claims resolved by the arbitration award. The Hemadis also identify the court's January final decision. In a minute entry acknowledging the filing, the superior court expressly stated that "Defendants 'Motion to Appeal' might be construed by the Court of

---

[2]          The Hemadis then filed an "Appeal from Arbitration and Motion for Trial Setting," which Amica countered with a motion to strike. Despite having earlier recognized that the Hemadis' Motion to Appeal "might be construed . . . as a timely appeal," the superior court ruled on both filings in late March. The court denied Amica's motion to strike because the Hemadis' filing "[wa]s a document authorized" by the Rules. It then treated the Hemadis' request for trial as a Rule 60 motion, which it denied as untimely absent excusable neglect. *See* Ariz. R. Civ. P. 60(b), (c). Neither party appealed the court's March ruling, and it is not before us. In any case, the superior court lacked jurisdiction to decide on a Rule 60 motion while an appeal was pending, and its denial is void. *See Budreau v. Budreau*, 134 Ariz. 539, 541 (App. 1982); *In re Marriage of Johnson*, 231 Ariz. 228, 230, ¶ 6 (App. 2012).

Appeals as a timely appeal" and declined to act "until the efficacy of the Motion" was resolved. Amica does not argue it lacked sufficient notice of what was at issue in this appeal. *See Gray v. GC Servs.*, __ Ariz. __, __, ¶ 7, 516 P.3d 897, 899 (App. 2022). Instead, it tackles the Hemadis' contentions head-on while emphasizing that the Hemadis did not timely appeal the arbitration award in the superior court.

**¶7**        Because the filing was timely and provided sufficient notice of the Hemadis' intent to appeal the superior court's entry of judgment, we find it procedurally sufficient to perfect the Hemadis' appeal.

**II.     The Hemadis Failed to Present Any Issues of Fact or Law on Appeal**

**¶8**        The Hemadis argue that due process violations in the form of procedural error and bias have permeated this case "[f]rom the beginning" and ask us to dismiss it "in [their] favor." We cannot reach the merit of these claims because this court's jurisdiction is limited to reviewing those issues properly preserved for appeal. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000). By failing to appeal the arbitration award under Rule 77 and not objecting when Amica sought entry of judgment, the Hemadis foreclosed our ability to engage in any meaningful appellate review.

**¶9**        To appeal an arbitration award, a party must file a notice of appeal titled "Appeal from Arbitration and Motion for Trial Setting" with the superior court within 20 days of the award being filed. Ariz. R. Civ. P. 77(a). Although labeled an "appeal," the superior court must review the case de novo. *See* Ariz. R. Civ. P. 77(d) ("[T]he parties are entitled to a trial on all issues determined by the arbitrator."). Said differently, the superior court must hold a trial and engage in an independent analysis of the evidence. But once the deadline passes, "any party may file a motion to enter judgment on the award." Ariz. R. Civ. P. 76(d); *see also Phillips v. Garcia*, 237 Ariz. 407, 411, ¶ 13 (App. 2015) (discussing the progression from arbitration award to appealable final judgment).

**¶10**        Had the Hemadis timely filed an "Appeal From Arbitration and Motion for Trial Setting" in the superior court, they would have been entitled to a trial on the merits. *See Valler v. Lee*, 190 Ariz. 391, 396 (App. 1997) ("[A]ny party who appears and participates in the arbitration proceedings and who timely appeals from the award is entitled to a trial de

novo on the law and the facts."). The Hemadis failed to do so and instead prematurely sought appellate review.[3]

¶11 Because the Hemadis did not properly appeal the arbitration award, they failed to preserve any issue of fact or law for review by this Court. *See Schwab Sales, Inc. v. GN Constr. Co., Inc.*, 196 Ariz. 33, 36, ¶ 7 (App. 1998). At the arbitration hearing, the arbitrator "determine[d] the admissibility of evidence" and "decide[d] the law and the facts." *See* Ariz. R. Civ. P. 74(a). Any objection to the arbitration award should have been brought in the superior court under Rule 77. By failing to provide timely notice that they were appealing the arbitration award and requesting the case be set for trial, the Hemadis accepted the arbitrator's determination of the issues and waived any argument that the arbitration hearing and scheduling were "chaotic," "unfair," and "unjust."

¶12 Moreover, the Hemadis' remaining arguments have also been waived because we cannot disturb the arbitration award. The procedural defects, such as Amica's counsel failing to appear for a mediation hearing in justice court, all happened before the arbitration. By participating in the arbitration in the superior court, any alleged preceding harm was negated. And to the extent that the Hemadis allege bias and judicial misconduct in the superior court's entry of final judgment, we note that the Hemadis (1) provided no evidence of bias or misconduct in their case, *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29 (App. 2010), and (2) waived any such argument by failing to object when Amica sought entry of judgment, *see Best Choice Fund, LLC v. Low & Childers, P.C.*, 228 Ariz. 502, 508, ¶ 17 n.3 (App. 2011). Given the issues raised by the Hemadis were not properly preserved for appellate review, they have been waived.

---

[3] Although the Hemadis later filed an "Appeal from Arbitration and Motion for Trial Setting," they did so (1) more than 20 days after the award was filed (Rule 77(b)), and (2) after the motion for and entry of final judgment.

## CONCLUSION

¶**13** Because the Hemadis failed to preserve any material issue of fact or law for this Court's review, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

6