NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MOHAMED MOHAMED, *Petitioner/Appellee*,

*v.*

SAGAL YUSUF, *Respondent/Appellant*.

No. 1 CA-CV 25-0591 FC

FILED 04-01-2026

Appeal from the Superior Court in Maricopa County
No.  FC2024-051181
The Honorable Andrew J. Russell, Judge

**VACATED AND REMANDED**

COUNSEL

Mohamed Mohamed, Scottsdale, AZ
*Petitioner/Appellee*

Sagal Yusuf, Golden Valley, MN
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**P A T O N,** Judge:

¶1        Sagal Yusuf ("Mother") appeals the superior court's legal decision-making and parenting time portions of its dissolution decree. Because the court did not analyze the Arizona Revised Statutes ("A.R.S.") Section 25-408(I) factors, we vacate and remand the court's legal decision-making and parenting time orders for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2        Mohamed Mohamed ("Father") and Mother married in 2023, and have one child, born in April 2024. About a month after the child's birth, Mother took her to live with family in Minnesota without informing Father. Shortly thereafter, Father petitioned for dissolution of marriage from Mother and requested temporary orders for legal decision-making and parenting time without notice. The superior court denied his motion on an emergency, ex parte basis but noted it would resolve the motion in the usual course.

¶3        After a hearing in August 2024, the court entered temporary orders awarding the parties joint legal-decision making authority, with Mother having final say after good faith efforts. It also ordered a long-distance parenting plan, with Mother serving as the primary residential parent and giving Father parenting time in Minnesota on specific weekends. The court further ordered that neither party shall relocate the child outside of Arizona or at a distance greater than 100 miles from the child's current residence in Minnesota without complying with Section 25-408.

¶4        The court scheduled the dissolution trial for June 2025, and the parties filed their joint pretrial statement. The parties noted that relocation of the child, among other things, was a contested issue, and separately argued why the Section 25-403(A) and Section 25-408(I) factors supported their respective positions on whether it was in the child's best

interests to relocate. Specifically, Father contended that Arizona is the child's home state, and Mother could not meet her burden to establish that relocation was in the child's best interests under Section 25-408(I). Mother asked the court to affirm the temporary orders and approve the child's permanent relocation to Minnesota because the Section 25-408(I) factors supported relocation.

¶5         In June 2025, the superior court entered its dissolution decree, which analyzed the child's best interests under the Section 25-403(A) factors only. As relevant here, the decree awarded the parties joint legal decision-making authority, with Mother having final say after a good faith effort in writing to reach an agreement. It awarded equal parenting time on a monthly basis, with the parties exchanging the child on the 15th of each month. It required Father to pick up the child in Minnesota at the start of his parenting time, remain in Minnesota or travel to Arizona or another state with the child at his discretion, and return the child to Minnesota at the conclusion of his parenting time.

¶6         In July 2025, Mother moved to vacate the decree, arguing the court erred by failing to apply the Section 25-408(I) factors in determining whether the parenting plan was in the child's best interests. Two days after filing the motion to vacate, Mother filed this appeal contending the court erred in not considering the Section 25-408(I) factors in its decision. In August 2025, the superior court denied Mother's motion to vacate. Although Mother does not mention this ruling in her opening brief, Father contends the ruling "confirms relocation law did not apply" in his answering brief.

¶7         The superior court lacked jurisdiction to enter its ruling denying Mother's motion to vacate as to issues involving the subject matter of this appeal—*i.e.,* relocation—once Mother filed her notice of appeal in this court. *See Burkhardt v. Burkhardt*, 109 Ariz. 419, 421 (1973) ("[U]pon perfecting of an appeal the trial court loses jurisdiction of the case."); *City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 381 (App. 1993) (finding the superior court was divested of jurisdiction to rule on motion for reconsideration because the party filed its notice of appeal before the court ruled on it). It therefore has no bearing on this appeal.

¶8         Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Sections 12-2101(A)(1) and -120.21(A)(1).

3

## DISCUSSION

¶9 We note at the outset that Mother's opening brief and Father's answering brief do not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a). The opening brief must include an argument containing the appellant's contentions about the issues presented, along with supporting reasons and citations to the record and legal authority. ARCAP 13(a)(7)(A), 13(b)(1) (applying ARCAP 13(a) requirements to answering briefs); *see also Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Mother provides legal authority to support her position; Father does not. Neither party provides citations to the record. We can find arguments waived when parties fail to cite legal authority or to the record. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007); *see also Varco, Inc. v. UNS Elec., Inc.*, 242 Ariz. 166, 170, ¶ 12 n.5 (App. 2017). The decision to find waiver, however, is discretionary. *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018). Because the best interests of a child are at stake, we decline to apply waiver and will address the merits. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013).

¶10 Mother argues the court erred by not considering the Section 25-408(I) relocation factors in rendering its parenting plan. Father responds that Section 25-408(I) did not apply because Mother never filed a relocation petition, and even if it applied, the court's Section 25-403 rulings satisfied the relocation statute factors.

¶11 "We review an award of legal decision-making and parenting time for an abuse of discretion." *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022). "Whether [Section] 25-408 applies is an issue of statutory interpretation that we review *de novo*." *Woyton v. Ward*, 247 Ariz. 529, 532, ¶ 8 (App. 2019).

¶12 Section 25-403(A) requires a court to consider eleven factors "relevant to the child's physical and emotional well-being" when evaluating the child's best interests for purposes of legal decision-making and parenting time. A.R.S. § 25-403(A). Section 25-408(I) applies when the court considers whether relocation is in a child's best interests. *See* A.R.S. § 25-403(A); A.R.S. § 25-408(I). And while Section 25-408(I) incorporates the Section 25-403(A) factors, it enumerates additional best-interests factors specific to whether relocation is in the child's best interests. A.R.S. § 25-408(I); *see also Layne v. LaBianca in re Cnty. of Maricopa*, 249 Ariz. 301, 303, ¶ 6 (App. 2020).

**¶13** The superior court must analyze Section 25-408(I) factors in all relocation cases. *See Woyton*, 247 Ariz. at 532, ¶ 8. When a court is "asked to choose between the two residences to establish a single primary home (and a home state)" for a child, the court is "effectively faced with a relocation question." *Berrier v. Rountree*, 245 Ariz. 604, 606, ¶ 8 (App. 2018).

**¶14** Here, the parties raised the relocation issue in their joint pretrial statement. Mother argued it would be in the child's best interests to relocate to Minnesota; Father argued it would be in the child's best interests to stay in Arizona. Whether the court de facto changed the child's home state to Minnesota by ordering the parenting time exchanges to only occur in Minnesota, or it effectively denied Mother's request to relocate the child by noting Arizona was the home state in the decree and not expressly changing that in the decree, the question of which of the two "far-flung residences" would be the child's primary residence (and home state) was before the court. *See id.*

**¶15** Because the child's relocation was at issue here, the court had to consider the Section 25-408(I) factors—not just the Section 25-403(A) factors—in rendering its legal decision-making and parenting time orders. *See id.*; *Woyton*, 247 Ariz. at 533, ¶ 12. It did not do so and thus erred.

## CONCLUSION

**¶16** We vacate the superior court's legal decision-making and parenting time portions of the dissolution decree and remand for proceedings consistent with this decision. "While we express no opinion as to the ultimate result in this case, any decision concerning [the child's] future home state must be made in accordance with [Section] 25-408." *Berrier*, 245 Ariz. at 607, ¶ 11.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR